## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

ELGIN SEPARATION
SOLUTIONS, LLC,

      Plaintiff,

v.                                      Case No. 2:23-cv-00440
DAVID CHADWICK DILLON, DILLON
INDUSTRIES, INC., and DONALD RITCHIE,

      Defendants.

## DEFENDANT DAVID CHADWICK DILLON AND
## DILLON INDUSTRIES, INC.'S ANSWER TO VERIFIED COMPLAINT

NOW COMES the Defendants, David Chadwick Dillon and Dillon Industries, Inc. (collectively, "the Dillon Defendants"), by counsel, M. Shane Harvey, Esq. and Grace E. Hurney, Esq. of Jackson Kelly PLLC, and respond as follows to the allegations set forth in the Complaint filed by Plaintiff Elgin Separation Solutions LLC ("Plaintiff"). The Dillon Defendants expressly deny each and every allegation set forth in Plaintiff's Complaint, except as provided herein:

### NATURE OF THE ACTION

1.      The Dillon Defendants admit that Plaintiff has asserted various common law and statutory causes of action in its Complaint. The Dillon Defendants deny that they are liable to Plaintiff for any of the theories of recovery that Plaintiff has asserted.

2.      The Dillon Defendants deny that Mr. Dillon is liable to Plaintiff for any of the theories of recovery that it has asserted and expressly deny that he has engaged in any "campaign to divert Elgin's intellectual property and business" or solicitation or misappropriation of copyright, trade secrets, confidential information, or intellectual property. The Dillon Defendants expressly deny that Mr. Dillon has violated the restrictive covenant and confidentiality requirements of his prior employment agreement and the applicable asset purchase agreement. The Dillon Defendants expressly deny that Mr. Dillon has infringed upon Plaintiff's copyrights nor has he misappropriated Plaintiff's trade secrets. The Dillon Defendants further deny that Mr. Dillon has breached any fiduciary duty of loyalty to Plaintiff. The Dillon Defendants are without sufficient information to form a belief regarding the truth of the allegations contained in the first sentence of Paragraph 2 of the Complaint.

3.      The Dillon Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4.      The Dillon Defendants are without sufficient information to form a belief regarding the truth of the allegations related to Elgin's business and workforce suffering greatly.

The Dillon Defendants deny that Mr. Dillon is liable to Plaintiff for any of the theories of recovery that it has asserted.

## THE PARTIES

5.      The Dillon Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      The Dillon Defendants are without sufficient information to form a belief regarding the truth of the allegations in Paragraph 6 of the Complaint.

7.      The Dillon Defendants are without sufficient information to form a belief regarding the truth of the allegations in Paragraph 7 of the Complaint.

8.      The Dillon Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9.      The Dillon Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.     The Dillon Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.     The Dillon Defendants admit that Mr. Ritchie is a citizen of West Virginia, residing in Huntington, West Virginia.  The Dillon Defendants deny the remaining allegation contained in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.     In response to the allegations set forth in paragraph 12 of Plaintiff's Complaint, the Dillon Defendants admit that Plaintiff has pled causes of action under federal statutes that provide the Court with jurisdiction over this action.

13.     The Dillon Defendants deny the allegations in Paragraph 13 of the Complaint.

14.     The Dillon Defendants admit that diversity of citizenship exists in this proceeding.  The Dillon Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.     The Dillon Defendants admit that Defendant Dillon is, and was at all times relevant to the allegations in the Complaint, a resident of West Virginia.  The Dillon Defendants deny the remaining allegations set forth in Paragraph 15 of the Complaint.

16.     The Dillon Defendants admit that Dillon Industries, Inc. is incorporated in, conducts business in, and has its principal place of business in West Virginia.  The Dillon Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

4893-8321-1889.v1

17.    The Dillon Defendants admit that Defendant Ritchie resides in West Virginia.  The Dillon Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

18.    The Dillon Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

## FACTUAL BACKGROUND

### A.    Plaintiff's Business and Its Expansion to Poca, West Virginia

19.    The Dillon Defendants admit that Elgin operates a location in Princeton, West Virginia.  The Dillon Defendants are without sufficient information to form a belief regarding the truth of the remaining allegations in Paragraph 19 of the Complaint.

20.    The Dillon Defendants are without sufficient information to form a belief regarding the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.    The Dillon Defendants admit the allegations set forth in the first sentence of Paragraph 21 of the Complaint.  The Dillon Defendants deny the remaining allegations set forth in Paragraph 21 of the Complaint.

22.    The Dillon Defendants admit the allegations set forth in Paragraph 22 of the Complaint.

23.    The Dillon Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24.    The Dillon Defendants admit the allegations set forth in Paragraph 24 of the Complaint.

25.    In response to the allegations set forth in Paragraph 25 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 1 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

26.    In response to the allegations set forth in Paragraph 26 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 1 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

27.    In response to the allegations set forth in Paragraph 27 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 1 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

28.    In response to the allegations set forth in Paragraph 28 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or

recitations from Exhibit 1 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

29.     In response to the allegations set forth in Paragraph 29 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 1 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

**B.     Dillon's Employment Agreement with Elgin (and Elgin's Predecessors in Interest)**

30.     In response to the allegations set forth in Paragraph 30 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibits 1 and 2 attached to the Complaint, the content of which speak for themselves.  As such no further response to this Paragraph is required.

31.     In response to the allegations set forth in Paragraph 31 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 2 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

32.     In response to the allegations set forth in Paragraph 32 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 2 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

33.     In response to the allegations set forth in Paragraph 33 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 2 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

34.     In response to the allegations set forth in Paragraph 34 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 2 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

35.     In response to the allegations set forth in Paragraph 35 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 2 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

36.     In response to the allegations set forth in Paragraph 36 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 2 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

37.     In response to the allegations set forth in Paragraph 37 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or

recitations from Exhibit 2 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

38.     In response to the allegations set forth in Paragraph 38 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 2 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

39.     In response to the allegations set forth in Paragraph 39 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 2 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

40.     In response to the allegations set forth in Paragraph 40 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 2 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

41.     In response to the allegations set forth in Paragraph 41 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 2 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

**C.     Elgin's Proprietary, Confidential, and Trade Secret Information**

42.     The Dillon Defendants are without sufficient information to form a belief regarding the truth of the allegations in Paragraph 42 of the Complaint.

43.     The Dillon Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44.     The Dillon Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.     The Dillon Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46.     The Dillon Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47.     The Dillon Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.     The Dillon Defendants admit that photographs were taken when a machine is being disassembled, sometimes using company-issued devices. The Dillon Defendants deny the remaining allegations set forth in Paragraph 48 of the Complaint.

49.     The Dillon Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.     The Dillon Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     The Dillon Defendants admit the allegations set forth in Paragraph 51 of the Complaint.

52.     The Dillon Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.     The Dillon Defendants admit the allegations set forth in Paragraph 53 of the Complaint.

54.     The Dillon Defendants admit that some minor modifications may be made, but not for machinery that required repairs.  The Dillon Defendants deny the remaining allegations set forth in Paragraph 54 of the Complaint.

55.     The Dillon Defendants admit that some minor modifications may be made, but not for machinery that required repairs.  The Dillon Defendants deny the remaining allegations set forth in Paragraph 55 of the Complaint.

56.     The Dillon Defendants admit that some minor modifications may be made, but not for machinery that required repairs.  The Dillon Defendants deny the remaining allegations set forth in Paragraph 56 of the Complaint.

57.     The Dillon Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58.     The Dillon Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59.     The Dillon Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60.     The Dillon Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61.     In response to the allegations set forth in Paragraph 61 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 3 attached to the Complaint, the content of which speak for themselves.  As such no further response to this Paragraph is required.

62.     In response to the allegations set forth in Paragraph 62 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 3 attached to the Complaint, the content of which speak for themselves.  As such no further response to this Paragraph is required.

4893-8321-1889.v1

63.     In response to the allegations set forth in Paragraph 63 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 3 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

64.     In response to the allegations set forth in Paragraph 64 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 3 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

65.     In response to the allegations set forth in Paragraph 65 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 3 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

66.     In response to the allegations set forth in Paragraph 66 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 4 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

67.     In response to the allegations set forth in Paragraph 67 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 4 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

68.     In response to the allegations set forth in Paragraph 68 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 4 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

69.     In response to the allegations set forth in Paragraph 69 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 4 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

70.     The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint, as Mr. Dillon was never provided with the Employee Handbook during his employment with Elgin.

71.     The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     The allegations set forth in Paragraph 72 of the Complaint are conclusory statements and legal arguments and therefore improper under Rule 8 of the Federal Rules of Civil Procedure. *See Nat'l Organization for Marriage, Inc. v. Daluz*, 2010 WL 11506394 (D. R.I., Sept. 30, 2010) (dismissing complaint where allegations were "replete" with "legal arguments" and "conclusory statements").

73.     The Dillon Defendants admit that Elgin provided iPads and laptops for certain employees.  The Dillon Defendants deny the remaining allegations set forth in Paragraph 73 of the Complaint.

74.     The Dillon Defendants admit that Elgin provided usernames and passwords for employees.  The Dillon Defendants deny the remaining allegations set forth in Paragraph 74 of the Complaint.

75.     The Dillon Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76.     The Dillon Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

77.     The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78.     The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint.

### D.     Dillon's and Ritchie's Employment with Elgin

79.     The Dillon Defendants deny that Mr. Dillon's job duties included "maintaining the integrity of Elgin's proprietary processes within the workforce[.]"   The Dillon Defendants deny that Mr. Dillon was the "President" of the Poca location.  The Dillon Defendants admit the remaining allegations set forth in Paragraph 79 of the Complaint.

80.     The Dillon Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

81.     The Dillon Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

82.     The Dillon Defendants deny the allegation that Mr. Ritchie's titles were draftsman and production administration.  On information and belief, the Dillon Defendants admit the remaining allegations set forth in Paragraph 82 of the Complaint.

83.     The Dillon Defendants admit that Mr. Ritchie created drawings and was involved with drafting maintenance and operations manuals.  The Dillon Defendants deny the remaining allegations set forth in Paragraph 83 of the Complaint.

84.     The Dillon Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

85.     The Dillon Defendants admit that Mr. Dillon gave his notice of resignation from Elgin in November 2021.  The Dillon Defendants deny the remaining allegations in Paragraph 85 of the Complaint.

86.     The Dillon Defendants admit that Mr. Dillon came to an agreement with the former President of Elgin for Mr. Dillon to stay on and assist with the transition and that Elgin specifically agreed to allow the non-competition period to run during that time.  The Dillon Defendants deny the remaining allegations and representations set forth in Paragraph 86 of the Complaint.

87.     The Dillon Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

88.     The Dillon Defendants admit that it filled purchase orders from Jay Gee Manufacturing for industrial parts, namely, shafts and internal collars for pipes. The Dillon Defendants deny the remaining allegations set forth in Paragraph 88 of the Complaint.

89.     The Dillon Defendants admit that Mr. Dillon forwarded an earlier email sent on April 9, 2022 that happens to include a manual to a third-party who did not have an Elgin email address.

90.     The Dillon Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

91.     Upon information and belief, the Dillon Defendants admit the allegations set forth in Paragraph 91 of the Complaint.

92.     The Dillon Defendants admit the allegations set forth in Paragraph 92 of the Complaint.

93.     The Dillon Defendants are without sufficient information to form a belief as to the assertions set forth in Paragraph 93 of the Complaint.

94.     The Dillon Defendants are without sufficient information to form a belief as to the assertions set forth in Paragraph 94 of the Complaint.

95.     The Dillon Defendants are without sufficient information to form a belief as to the assertions set forth in Paragraph 95 of the Complaint.

96.     The Dillon Defendants are without sufficient information to form a belief as to the assertions set forth in Paragraph 96 of the Complaint.

### E.     Dillon Competes Against Elgin and Continues Raiding Elgin for Employees

97.     The Dillon Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98.     Upon information and belief, the Dillon Defendants admit that components were requested from Tri-State Coating & Machine, Inc. and Mouldagraph Corp. in January 2023, after the non-competition period had run.

99.     The Dillon Defendants admit that it manufactured and serviced equipment for Darling Ingredients and/or Jay Gee Manufacturing, Paragon ISG, and Halliburton after December 15, 2022, when the non-competition period had run.

100.    The Dillon Defendants deny the allegations set forth in Paragraph 100 of the Complaint.

101.    The Dillon Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

102.    The Dillon Defendants deny the allegations set forth in Paragraph 102 of the Complaint.

103.    The Dillon Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104.    The Dillon Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105.    The Dillon Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

**F.     Defendant Ritchie's Active Participation in Dillon's Scheme**

106.    The Dillon Defendants admit that Mr. Ritchie resigned his employment with Elgin.  The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 106 of the Complaint.

107.    The Dillon Defendants admit the allegations set forth in Paragraph 107 of the Complaint.

108.    The Dillon Defendants deny the allegations set forth in Paragraph 108 of the Complaint.

109.    The Dillon Defendants are without sufficient information to form a belief as to the assertions set forth in Paragraph 109 of the Complaint.

110.    The Dillon Defendants admit that Mr. Ritchie returned one hard drive to Elgin.  The Dillon Defendants deny the remaining allegations set forth in Paragraph 110 of the Complaint.

111.    The Dillon Defendants admit that Mr. Ritchie returned one hard drive to Elgin.  The Dillon Defendants deny the remaining allegations set forth in Paragraph 111 of the Complaint.

112.    The Dillon Defendants deny the allegations set forth in Paragraph 112 of the Complaint.

### G.     Dillon Ignores Elgin's Demand to Cease and Desist His Wrongful Conduct

113.    The Dillon Defendants admit that Elgin sent a letter on March 24, 2023 to Mr. Dillon through his counsel, but deny the remaining allegations and representations set forth in Paragraph 113 of the Complaint.

114.    The Dillon Defendants admit that Elgin sent a letter to Mr. Dillon through his counsel, but deny the remaining allegations and representations set forth in Paragraph 114 of the Complaint.

115.    The Dillon Defendants admit that Elgin sent a letter to Mr. Dillon through counsel, but deny the remaining allegations and representations set forth in Paragraph 115 of the Complaint.

116.    The Dillon Defendants admit the allegations set forth in Paragraph 116 of the Complaint.

117.    The Dillon Defendants admit that Elgin sent a letter to Mr. Dillon through counsel on April 11, 2023, but deny the remaining allegations set forth in Paragraph 117 of the Complaint.

118.    The Dillon Defendants deny the allegations set forth in Paragraph 118 of the Complaint.

119.    The Dillon Defendants admit the allegations set forth in Paragraph 119 of the Complaint.

120.    The Dillon Defendants admit the allegations set forth in Paragraph 120 of the Complaint.

121.    The Dillon Defendants deny the allegations set forth in Paragraph 121 of the Complaint.

122.    The Dillon Defendants deny the allegations set forth in Paragraph 122 of the Complaint.

123.    The Dillon Defendants deny the allegations set forth in Paragraph 123 of the Complaint.

124.    The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint.

125.    The Dillon Defendants deny any allegation that they "took" documents improperly or that the schematics of DE-7200 VFD centrifuge contain confidential or proprietary information.  The Dillon Defendants admit the remaining allegations in Paragraph 125 of the Complaint.

126.    The Dillon Defendants admit that Darling Ingredients, Paragon ISG, and Halliburton placed orders for repair and service of centrifuges with Elgin during Mr. Dillon's tenure with Elgin.  The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 126 of the Complaint.

127.    The Dillon Defendants deny the allegations set forth in Paragraph 127 of the Complaint.

128.    The Dillon Defendants deny the allegations set forth in Paragraph 128 of the Complaint.

### H.    Elgin's Investigation Into Defendants' Conduct

129.    Upon information and belief, the Dillon Defendants admit the allegations set forth in Paragraph 129 of the Complaint.

130.    Upon information and belief, the Dillon Defendants admit the allegations set forth in Paragraph 130 of the Complaint.

131.    The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint.

132.    The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint.

133.    The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint.

134.    The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint.

135.    The Dillon Defendants deny the allegations set forth in Paragraph 135 of the Complaint.

136.    The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint.

137.    The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint.  To the extent an answer is necessary, the document speaks for itself.

138.    The Dillon Defendants deny the allegations set forth in Paragraph 138 of the Complaint.

139.    The Dillon Defendants deny the allegations set forth in Paragraph 139 of the Complaint.

**I.**  **As a Result of Defendants' Scheme, Elgin Has Lost Employees, Business, and Profits**

140.    The Dillon Defendants deny the allegations set forth in Paragraph 140 of the Complaint.

141.    The Dillon Defendants deny the allegations set forth in Paragraph 141 of the Complaint.

142.    The Dillon Defendants deny the allegations set forth in Paragraph 142 of the Complaint.

## COUNT I
### Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq. (All Defendants)

143.    The Dillon Defendants respond to the allegations contained in Paragraph 143 of the Complaint by incorporating by reference its Answers to Paragraphs 1 – 142 of the Complaint.

144.    The allegations set forth in Paragraph 144 of the Complaint are conclusory statements and legal arguments and therefore improper under Rule 8 of the Federal Rules of Civil Procedure. *See Nat'l Organization for Marriage, Inc. v. Daluz*, 2010 WL 11506394 (D. R.I., Sept. 30, 2010) (dismissing complaint where allegations were "replete" with "legal arguments" and "conclusory statements").

145.    The Dillon Defendants deny the allegations set forth in Paragraph 145 of the Complaint.

146.    The Dillon Defendants deny the allegations set forth in Paragraph 146 of the Complaint.

147.    The Dillon Defendants deny the allegations set forth in Paragraph 147 of the Complaint.

148.    The Dillon Defendants deny the allegations set forth in Paragraph 148 of the Complaint.

149.    The Dillon Defendants deny the allegations set forth in Paragraph 149 of the Complaint.

150.    The Dillon Defendants deny the allegations set forth in Paragraph 150 of the Complaint.

151.    The Dillon Defendants deny the allegations set forth in Paragraph 151 of the Complaint.

4893-8321-1889.v1

## COUNT II
### Violation of the West Virginia Uniform Trade Secrets Act, W. Va. Code § 47-22-1 et seq.
### (All Defendants)

152.    The Dillon Defendants respond to the allegations contained in Paragraph 152 of the Complaint by incorporating by reference its Answers to Paragraphs 1 – 151 of the Complaint.

153.    The allegations set forth in Paragraph 153 of the Complaint are conclusory statements and legal arguments and therefore improper under Rule 8 of the Federal Rules of Civil Procedure. *See Nat'l Organization for Marriage, Inc. v. Daluz*, 2010 WL 11506394 (D. R.I., Sept. 30, 2010) (dismissing complaint where allegations were "replete" with "legal arguments" and "conclusory statements").

154.    The Dillon Defendants deny the allegations in Paragraph 154 of the Complaint.

155.    The Dillon Defendants deny the allegations in Paragraph 155 of the Complaint.

156.    The Dillon Defendants deny the allegations in Paragraph 156 of the Complaint.

157.    The Dillon Defendants deny the allegations in Paragraph 157 of the Complaint.

158.    The Dillon Defendants deny the allegations in Paragraph 158 of the Complaint.

159.    The Dillon Defendants deny the allegations in Paragraph 159 of the Complaint.

## COUNT III
### Copyright Infringement, 17 U.S.C. § 101 et seq. (Defendants Dillon and Dillon Industries)

160.    The Dillon Defendants respond to the allegations contained in Paragraph 160 of the Complaint by incorporating by reference its Answers to Paragraphs 1 – 159 of the Complaint.

161.    The Dillon Defendants admit that Plaintiff has attached an application for copyright dated June 14, 2023 for a work entitled "2460-LH Centrifuge Operation and Maintenance Manual[.]" The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 161 of the Complaint.

162.     The Dillon Defendants admit the allegations contained in Paragraph 162 of the Complaint.

163.     The Dillon Defendants admit that Mr. Dillon sent an email to himself that happened to include the 24x60 Manual but he never used the Manual.  The Dillon Defendants deny the remaining allegations in Paragraph 163 of the Complaint.

164.     The Dillon Defendants admit that Mr. Dillon sent an email to himself that happened to include the 24x60 Manual but he never used the Manual.  The Dillon Defendants deny the remaining allegations in Paragraph 164 of the Complaint.

165.     The Dillon Defendants admit that Mr. Dillon sent an email to himself that happened to contain the 24x60 Manual but he never used the Manual.  The Dillon Defendants deny the remaining allegations in Paragraph 165 of the Complaint.

166.     The Dillon Defendants deny the allegations in Paragraph 166 of the Complaint.

167.     The Dillon Defendants deny the allegations in Paragraph 167 of the Complaint.

168.     The Dillon Defendants deny the allegations in Paragraph 168 of the Complaint.

169.     The Dillon Defendants deny the allegations in Paragraph 169 of the Complaint.

170.     The Dillon Defendants deny the allegations in Paragraph 170 of the Complaint.

171.     The Dillon Defendants deny the allegations in Paragraph 171 of the Complaint.

## COUNT IV
### Breach of Contract — APC Agreement (Defendant Dillon)

172.     The Dillon Defendants respond to the allegations contained in Paragraph 172 of the Complaint by incorporating by reference its Answers to Paragraphs 1 – 171 of the Complaint.

173.     The Dillon Defendants admit the allegations set forth in Paragraph 173 of the Complaint.

174.     The Dillon Defendants are without sufficient information to form a belief as to the allegations set forth in Paragraph 174 of the Complaint.

175.     The Dillon Defendants are without sufficient information to form a belief as to the allegations set forth in Paragraph 175 of the Complaint.

176.     In response to the allegations set forth in Paragraph 176 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 1 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

177.     The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of the Complaint.

178.     The Dillon Defendants deny the allegations in Paragraph 178 of the Complaint.

179.     The Dillon Defendants deny the allegations in Paragraph 179 of the Complaint.

### COUNT V

### Breach of Contract — Employment Agreement (Defendant Dillon)

180.     The Dillon Defendants respond to the allegations contained in Paragraph 180 of the Complaint by incorporating by reference its Answers to Paragraphs 1 – 179 of the Complaint.

181.     The Dillion Defendants admit the allegations contained in Paragraph 181.

182.     The Dillon Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of the Complaint.

183.     In response to the allegations set forth in Paragraph 183 of the Complaint, the Dillon Defendants state the allegations set forth therein are nothing more than quotations or recitations from Exhibit 1 attached to the Complaint, the content of which speak for themselves. As such no further response to this Paragraph is required.

184.     The Dillon Defendants deny the allegations in Paragraph 184 of the Complaint.

185.     The Dillon Defendants admit that the Employment Agreement contained a non-solicitation clause for a period of one year.  The Dillon Defendants deny the remaining allegations contained in Paragraph 185 of the Complaint.

186.     The Dillon Defendants deny the allegations in Paragraph 186 of the Complaint.

187.     The Dillon Defendants admit that the Employment Agreement contained a non-solicitation clause for a period of one year.  The Dillon Defendants deny the remaining allegations contained in Paragraph 187 of the Complaint.

188.     The Dillon Defendants deny the allegations contained in Paragraph 188 of the Complaint.

189.     The Dillon Defendants admit that the Employment Agreement contained a non-competition clause for a period of one year.  The Dillon Defendants deny the remaining allegations contained in Paragraph 189 of the Complaint.

190.     The Dillon Defendants deny the allegations contained in Paragraph 190 of the Complaint.

191.     The Dillon Defendants assert that Exhibit A to the Employment Agreement speaks for itself and deny the remaining allegations contained in Paragraph 191 of the Complaint.

192.     The Dillon Defendants deny the remaining allegations contained in Paragraph 192 of the Complaint.

## COUNT VI
## Breach of Fiduciary Duty (Defendant Dillon)

193.     The Dillon Defendants respond to the allegations contained in Paragraph 193 of the Complaint by incorporating by reference its Answers to Paragraphs 1 – 192 of the Complaint.

194.     The Dillon Defendants admit the allegations in Paragraph 194 of the Complaint.

195.     The Dillon Defendants admit the allegations in Paragraph 195 of the Complaint.  The Dillon Defendants deny that Mr. Dillon used any confidential information, trade secrets, or other property for his own purposes.

196.     The Dillon Defendants admit the allegations in Paragraph 196 of the Complaint.  The Dillon Defendants deny that Mr. Dillon acquired a material benefit from Elgin's existing or prospective customers at the expense of Elgin.

197.     The Dillon Defendants deny the allegations in Paragraph 197 of the Complaint.

198.     The Dillon Defendants admit the allegations in Paragraph 198 of the Complaint. The Dillon Defendants deny that Mr. Dillon acquired a material benefit from Elgin's existing employees at the expense of Elgin.

199.     The Dillon Defendants deny the allegations in Paragraph 199 of the Complaint.

200.     The Dillon Defendants deny the allegations in Paragraph 200 of the Complaint.

4893-8321-1889.v1

201.   The Dillon Defendants deny the allegations in Paragraph 201 of the Complaint.

## COUNT VII
### Tortious Interference (Defendant Dillon)

202.   The Dillon Defendants respond to the allegations contained in Paragraph 202 of the Complaint by incorporating by reference its Answers to Paragraphs 1 – 201 of the Complaint.

203.   The Dillon Defendants are without sufficient information to form a belief as to the allegations set forth in Paragraph 203 of the Complaint.

204.   The Dillon Defendants deny the allegations in Paragraph 204 of the Complaint.

205.   The Dillon Defendants deny the allegations in Paragraph 205 of the Complaint.

206.   The Dillon Defendants deny the allegations in Paragraph 206 of the Complaint.

207.   The Dillon Defendants deny the allegations in Paragraph 207 of the Complaint.

## COUNT VIII
### Breach of Fiduciary Duty (Defendant Ritchie)

208.   The Dillon Defendants respond to the allegations contained in Paragraph 208 of the Complaint by incorporating by reference its Answers to Paragraphs 1 – 207 of the Complaint.

209.   The allegations set forth in Paragraph 209 of the Complaint are not directed to either of the Dillon Defendants, and therefore, no response is required. To the extent a response is required, the Dillion Defendants admit that Mr. Ritchie's job duties involved creating Drawings, but deny the remaining allegations set forth in Paragraph 209 of the Complaint.

210.   The allegations set forth in Paragraph 210 of the Complaint are not directed to either of the Dillon Defendants, and therefore, no response is required. To the extent a response is required, the Dillion Defendants admit the allegations set forth in Paragraph 210 of the Complaint.

211.   The allegations set forth in Paragraph 211 of the Complaint are not directed to either of the Dillon Defendants, and therefore, no response is required. To the extent a response is required, the Dillion Defendants admit the allegations set forth in Paragraph 211 of the Complaint.

212. The allegations set forth in Paragraph 212 of the Complaint are not directed to either of the Dillon Defendants, and therefore, no response is required. To the extent a response is required, the Dillon Defendants deny the allegations set forth in Paragraph 212 of the Complaint. To the extent a response is required, the Dillion Defendants deny the allegations set forth in Paragraph 212 of the Complaint.

213. The allegations set forth in Paragraph 213 of the Complaint are not directed to either of the Dillon Defendants, and therefore, no response is required. To the extent a response is required, the Dillon Defendants deny the allegations set forth in Paragraph 213 of the Complaint. To the extent a response is required, the Dillion Defendants deny the allegations set forth in Paragraph 213 of the Complaint.

214. The allegations set forth in Paragraph 214 of the Complaint are not directed to either of the Dillon Defendants, and therefore, no response is required. To the extent a response is required, the Dillon Defendants deny the allegations set forth in Paragraph 214 of the Complaint.

## PRAYER FOR RELIEF

To the extent that the "WHEREFORE" paragraph, which is unnumbered and follows paragraph 214 of Plaintiff's Complaint, avers any fact and/or requires any response, the Dillon Defendants deny each and every allegation set forth therein.

## AFFIRMATIVE AND OTHER DEFENSES

Having fully answered the allegations of Plaintiff's Complaint, the Dillon Defendants assert the following affirmative and other defenses:

1. The Dillon Defendants deny each and every allegation not specifically admitted herein.

2. The Dillon Defendants assert any and all applicable defenses in equity, including but not limited to the doctrines of estoppel, waiver, unclean hands, unjust enrichment, laches and avoidable consequences.

3. Plaintiff's claims are barred, in whole or in part, by its own acts or omissions.

4. The Dillon Defendants assert the doctrine of mitigation of damages.

5. Plaintiff's claim for punitive damages is unconstitutional under the state and federal constitutions.

6. The Dillon Defendants reserve the right to supplement their defenses after additional discovery. The Dillon Defendants also reserve and assert herein any other affirmative defense that additional discovery and/or investigation may reveal as applicable and pertinent to their defense in this civil action. The Dillon Defendants further intend to rely on all defenses available from the evidence at the time of trial and expressly reserve the right to assert such defenses as the facts become known.

4893-8321-1889.v1

**DAVID CHADWICK DILLON AND
DILLON INDUSTRIES, INC.**

By Counsel

*/s/ Grace E. Hurney*
M. Shane Harvey (WVSB # 6604)
Grace E. Hurney (WVSB # 12751)
JACKSON KELLY PLLC
Post Office Box 553
Charleston, West Virginia 25322
Office: (304) 340-1000
Fax: (304) 340-1080

4893-8321-1889.v1

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

ELGIN SEPARATION
SOLUTIONS, LLC,

        Plaintiff,

v.                                                                Case No. 2:23-cv-00440

DAVID CHADWICK DILLON, DILLON            Judge Irene C. Berger
INDUSTRIES, INC., and DONALD RITCHIE,

### CERTIFICATE OF SERVICE

        I hereby certify that on July 18, 2023, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this action, including the following attorneys of record:

| | |
|---|---|
| Jill Cranston Rice (WVSB 7421) | Rachel L. Schaller (*pro hac vice* pending) |
| DINSMORE & SHOHL LLP | TAFT STETTINIUS & HOLLISTER LLP |
| 215 Don Knotts Boulevard, Suite 310 | 111 East Wacker Drive, Suite 2600 |
| Morgantown, West Virginia | Chicago, Illinois 60601 |
| Office: (304) 296-1100 | Office: (312) 527-4000 |
| Fax: (304) 296-6116 | Fax: 312) 527-4011 |
| Jill.rice@dinsmore.com | rschaller@taftlaw.com |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

        */s/ Grace E. Hurney*
        Grace E. Hurney (WVSB # 12751)

4893-8321-1889.v1