IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELGIN SEPARATION SOLUTIONS, LLC
and CMI/CSI LLC f/k/a CENTRIFUGAL
SERVICES, LLC,

        **Plaintiffs,**

v.                                                                    CASE NO. 2:23-cv-00440
                                                                                     Judge Irene Berger

DAVID CHADWICK DILLON,
DILLON INDUSTRIES, INC., and
DONALD RITCHIE,

        **Defendants.**

**PLAINTIFFS' MOTIONS IN LIMINE NO. 1:**
**<u>MOTION IN LIMINE REGARDING MOTION FOR PRELIMINARY INJUNCTION</u>**

        Pursuant to Federal Rules of Evidence 401, 402, and 403, Plaintiffs respectfully move this Honorable Court to exclude all evidence and argument relating to Plaintiffs' request for a preliminary injunction, including but not limited to this Court's ruling on Plaintiffs' *Motion for Preliminary Injunction* (the "Preliminary Order"). The procedural history of this case, including the Preliminary Order, is not relevant for trial purposes and would be substantially prejudicial. In support of this Motion, Plaintiffs state as follows:

    **I.**        **Relevant Background**

        On September 1, 2023, Plaintiffs filed their *Motion for Preliminary Injunction* and memorandum in support, which the Court denied on October 13, 2023. ECF 24; ECF 55 ("the Court finds Elgin has not established a likelihood of irreparable harm in the absence of preliminary relief. And there the inquiry ends.") Even though the Court's ruling was limited to irreparable harm, the Defendants have used the Preliminary Order to imply that the merits of Plaintiffs' case

are weak. *See, e.g.*, ECF 55; 160. In Defendants' *Memorandum in Support of its Motion for Summary Judgment*, Defendants refer to the preliminary injunction 11 times, mentioning the Court's specific remarks or denial five times, and even commenting about the Court's denial twice on the first page. ECF 160. Such references to the Preliminary Order are irrelevant and would mislead the jury, confuse the issues, and result in unfair prejudice. Thus, information about the Preliminary Order should be excluded from trial.

    II.    **The Court's Preliminary Order Is Irrelevant and Should Be Excluded Under Fed. R. Evid. 401.**

It is well established that "[i]rrelevant evidence is not admissible" at trial. Fed. R. Evid. 402. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401; *Cisson v. C.R. Bard, Inc.*, 86 F. Supp. 3d 510, 515 (S.D.W. Va. 2015), *aff'd sub nom. In re C.R. Bard, Inc., MDL. No. 2187, Pelvic Repair Sys. Prod. Liab. Litig.*, 810 F.3d 913 (4th Cir. 2016).

The Preliminary Order is irrelevant because a ruling at the preliminary injunction stage is (1) subject to a different standard, and (2) not based on all the evidence. First, a preliminary injunction requires the movant to meet a different, more challenging standard, as it is an "extraordinary and drastic remedy." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). To meet this threshold, the moving party has to make a clear showing that it is likely to suffer irreparable harm without the preliminary relief. *United States v. South Carolina*, 720 F.3d 518, 533 (4th Cir. 2013). This is not the standard at trial.

Second, the Court, when making its ruling almost eight months ago, relied on different evidence and applied a different standard making the ruling irrelevant for trial purposes. Indeed, this Court's Preliminary Order was limited to an assessment of irreparable harm, which only

applies in the drastic context of a preliminary injunction. ECF 55 at 17. In reaching its conclusion, the Court relied on Dillon Defendants' assurances that they "searched for, identified, and returned all Elgin drawings and . . . only used readily available OEM drawings or drawings reverse engineered by Ritchie." ECF 55 at 14. However, since the *Motion for Preliminary Injunction* was filed and since the Preliminary Order issued, tens of thousands of pages of documents have been produced by the parties, and nine depositions have taken place, third-parties have responded to subpoenas, produced documents, and given deposition testimony. Additionally, on April 18, 2024, Defendants provided access to their laptops, email, and OneDrive, and the preliminary results of the forensic analysis show information remains on Defendants' systems. (*See* V. Swaminathan's May 2024 Affidavit and accompanying exhibits, provided to this Court via hand-delivery and attached as Exhibit D to Plaintiffs' Mot. in Limine No. 6.)

The Preliminary Order does not have a tendency to make Plaintiffs' claims more or less probable nor is the Preliminary Order of consequence in the jury's determination. Thus, Plaintiffs respectfully request that this Court grant this Motion in Limine and order that the Preliminary Order, and all evidence and argument relating to Plaintiffs' request for a preliminary injunction, be excluded.

III. **The Dangers of Unfair Prejudice, Confusing the Issues, and Misleading the Jury Substantially Outweigh the Probative Value of Introducing Evidence of the Preliminary Order.**

Even if relevant, evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence of a preliminary injunction is a proper subject of a motion in limine, and courts frequently grant motions in limine to exclude this type of evidence. *See, e.g.*, *Judkins v. HT Window Fashions Corp.*, 2009 WL 3400989, at *1 (W.D. Pa. Oct. 20, 2009) (recognizing

3

evidence of a preliminary injunction as improper at trial); *Altana Pharma AG v. Teva Pharm. USA Inc.*, 2010 WL 11470982, at *1 (D.N.J. Apr. 5, 2010) (same); *King Pharm., Inc. v. Sandoz, Inc.*, 2010 WL 4789950, at *1 (D.N.J. Sept. 8, 2010) (same). Other rulings, such as summary judgment rulings, have been excluded as well. *E.g.*, *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 WL 5439156, at *5 (E.D.N.C. Nov. 8, 2011).

The introduction of preliminary injunction evidence at trial is unfairly prejudicial. Evidence is unfairly prejudicial if it "tends to encourage the jury to make a finding based on improper reasoning." *Nat'l Ass'n for Advancement of Colored People, Inc. v. City of Myrtle Beach*, 503 F. Supp. 3d 390, 396 (D.S.C. 2020). Even though the parties understand preliminary injunctions are not binding on a subsequent trial, references to the preliminary injunction would tend to encourage the jury to make findings based on improper reasoning since jurors are likely to defer to the findings in the Preliminary Order. *Id.* Jurors, appropriately, see judges as authoritative figures who are more qualified to make decisions about the case. *See id.* Thus, jurors likely would take the Preliminary Order "at face value," and Plaintiffs would be unduly prejudiced because the Preliminary Order evaluated the "the likelihood of success prior to a full hearing on the merits." *Id.* Again, however, a ruling at the preliminary injunction stage is tentative and not based on all the evidence. It would be improper for the jury to weigh the Court's prior ruling, decided under a different standard and made based on a mere portion of the evidence, rather than listening and weighing the facts and evidence as presented to the jury at trial. Fed. R. Evid. 403.

While a limiting instruction is appropriate to minimize prejudice in some cases, it is not appropriate here. "Contextualizing . . . the Order would require the Court to explain the applicable standard of law in a motion for preliminary injunction. Such an explanation is unlikely to be helpful to the jury and would leave them confused about the Order's significance." *Id.* Thus, all evidence

of the Preliminary Order, and all evidence and argument relating to Plaintiffs' request for a preliminary injunction, should be excluded as it would encourage the jury to make a finding based on improper reasoning and an inapplicable standard. The danger of undue prejudice presented by introducing evidence of the Preliminary Order substantially outweighs its probative value and is accordingly inadmissible under Federal Rule of Evidence 403.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an order granting this Motion in Limine No. 1 and excluding all evidence and argument concerning the preliminary injunction.

Respectfully Submitted,

**ELGIN SEPARATION SOLUTIONS, LLC and CMI/CSI LLC**

**BY COUNSEL**

*/s/ Jill Cranston Rice*
Jill Cranston Rice (WV State Bar No. 7421)
Lauren E. Motes (WV State Bar No. 14053)
DINSMORE & SHOHL LLP
215 Don Knotts Blvd., Suite 310
Morgantown, WV 26501
Telephone: (304) 296-1100
Email: jill.rice@dinsmore.com
Email: lauren.motes@dinsmore.com

Gillian Lindsay (IL ARDC No. 6298511; OH State Bar 0084365)
*Pro hac vice*
Julie Ratliff (IN 35688-49)
*Pro hac vice*
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 836-5871
Email: glindsay@taftlaw.com
*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELGIN SEPARATION SOLUTIONS, LLC
and CMI/CSI LLC f/k/a CENTRIFUGAL
SERVICES, LLC,

        Plaintiffs,

v.                                             **CASE NO. 2:23-cv-00440**
                                                     Judge Irene Berger

DAVID CHADWICK DILLON,
DILLON INDUSTRIES, INC., and
DONALD RITCHIE,

        Defendants.

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing **Plaintiffs' Motion in Limine No. 1** was served upon all parties via the Court's CM/ECF System, on this 12th day of June, 2024 to the following counsel of record:

| | |
|---|---|
| M. Shane Harvey / Grace E. Hurney<br>JACKSON KELLY PLLC<br>P.O. Box 553<br>Charleston, WV 25322<br>*Counsel for David Chadwick Dillon and Dillon Industries, Inc.* | Scott H. Kaminski<br>RAY, WINSTON & KELLY, PLLC<br>109 Capitol Street, Suite 700<br>Charleston, WV 25301<br>*Counsel for Donald Ritchie* |

                                                       */s/ Jill Cranston Rice*
                                                       Jill Cranston Rice (WV State Bar No. 7421)