IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELGIN SEPARATION SOLUTIONS, LLC
and CMI/CSI LLC f/k/a CENTRIFUGAL
SERVICES, LLC,

        Plaintiffs,

v.     CASE NO. 2:23-cv-00440
        Judge Irene Berger

DAVID CHADWICK DILLON,
DILLON INDUSTRIES, INC., and
DONALD RITCHIE,

        Defendants.

**PLAINTIFFS' MOTION IN LIMINE NO. 2:**
**MOTION RELATING TO PENDING FTC REGULATION**

Pursuant to Federal Rules of Evidence 401, 402, and 403, Plaintiffs respectfully move this Honorable Court to exclude all evidence and argument relating to the pending regulation issued by the Federal Trade Commission ("FTC") banning certain non-competition agreements. In support of this Motion, Plaintiffs state as follows:

I.    **Relevant Background**

Among other claims alleged in this action, Plaintiffs assert Defendant David Chadwick Dillon ("Dillon") breached his contract with Plaintiffs by violating the non-competition provision in his 2013 Employment Agreement, which was entered pursuant to the sale of Dillon's business and upon his agreement to serve as President of the Company. (ECF 21, Am. Ver. Compl. ¶¶ 185-97, Count V.)

On April 23, 2024, while this lawsuit was pending, the FTC announced its Rule banning most non-competition agreements (the "FTC Rule"). *See* 16 CFR Part 910.[1] Importantly, however, the FTC Rule does not:

(1) take effect until after the trial in this case will have ended;

(2) operate to negate the validity of non-competes like this one for which litigation had already begun prior to the passage of the FTC Rule.

(3) apply to non-competition agreements entered pursuant to the sale of a business; or,

(4) apply to non-competition agreements entered with senior executives.

*See id.* § 910.6 (effective date); § 910.3(b) (pending litigation); § 910.3(a) (sale of a business); Part IV.C.3 (senior executives).

Moreover, after the FTC published the Rule on May 7, 2024, it was immediately met with legal challenges. *See, e.g.*, *Ryan, LLC v. FTC*, No. 3:24-cv-986-E (N.D. Tex. Apr. 23, 2024). Even the United States Chamber of Commerce filed suit in the Eastern District of Texas. *U.S. Chamber of Commerce, et al. v. FTC, et al.*, No. 6:24-cv-00148 (E.D. Tex. April 24, 2024). And, a third suit is pending in the Eastern District of Pennsylvania. *ATS Tree Servs., LLC v. FTC, et al.*, No. 2:20-cv-01743 (E.D. Penn. April 25, 2024). Each lawsuit claims (1) the FTC exceeded its statutory authority in promulgating the Rule; (2) the Rule is an unconstitutional delegation of legislative power; and (3) the Rule is arbitrary and capricious. At this stage, it is unclear whether the FTC Rule will be upheld in its current form.

Nonetheless, in David Chadwick Dillon ("Dillon") and Dillon Industries, Inc.'s (collectively, the "Dillon Defendants") Reply in Support of their Motion for Summary Judgment, the Dillon Defendants refer to the FTC Rule in support of their argument that the non-competition

---

[1] A summary of this regulation is available here:
https://www.ftc.gov/system/files/ftc_gov/pdf/noncompete-rule.pdf.

agreement here should be discounted. (ECF 176 at 6.) Such references to the FTC Rule are irrelevant and likely to mislead the jury, confuse the issues, result in unfair prejudice, and trespass into the role of the Court to instruct the jury about the relevant law. Thus, Plaintiffs respectfully request that this Honorable Court exclude any mention of, reference to, or reliance upon the FTC Rule during trial.

## II.     The FTC Rule Is Irrelevant and Should Be Excluded Under Fed. R. Evid. 401.

It is well established that "[i]rrelevant evidence is not admissible" at trial. Fed. R. Evid. 402. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401; *Cisson v. C.R. Bard, Inc.*, 86 F. Supp. 3d 510, 515 (S.D.W. Va. 2015), *aff'd sub nom. In re C.R. Bard, Inc., MDL. No. 2187, Pelvic Repair Sys. Prod. Liab. Litig.*, 810 F.3d 913 (4th Cir. 2016).

For at least four reasons, the FTC Rule is irrelevant to this litigation. First, it is not a matter of fact. The issue before the jury will be whether Dillon violated the non-competition agreement he executed in connection with the nearly $4 million sale of his business. The relevant facts include Dillon's communications and conduct, *e.g.*, fulfilling orders for Elgin's largest customer and diverting all new-build orders from Elgin to Dillon Industries. The FTC Rule has no bearing on whether Dillon violated the non-competition agreement. Moreover, there is no need for the jury to hear about the FTC rule because the Employment Agreement includes a jury waiver, so the legality and enforceability of the non-competition agreement rests with this Court—not the jury. Therefore, any mention of, reference to, or reliance upon the FTC Rule should be prohibited during trial.

Second, the regulation faces forceful challenges, *see e.g., Ryan, LLC v. FTC*, No. 3:24-cv-00986 (N.D. Tex. Apr. 23, 2024), but assuming the FTC Rule takes effect, the effective date is August 21, 2024, *i.e.*, *after* the trial in this case. *See* 16 CFR Part 910.6 ("The Commission adopts

3

a uniform effective date of 120 days after publication [on April 23, 2024] of the final rule in the *Federal Register*. The final rule will go into effect, and compliance with the final rule will be required, on that date.").

Third, even if the FTC Rule were effective, it does not apply retroactively and would not negate the validity of non-competition agreements for which litigation is already underway. Section 910.3(b) of the FTC Rule provides that the final rule does not apply where a cause of action related to a non-compete arose prior to the effective date. 16 CFR § 910.3(b). Thus, the FTC Rule has no bearing on this litigation, which arose prior to the effective date of the FTC Rule.

Finally, the FTC Rule is irrelevant to this litigation because it explicitly allows non-competition agreements, like the agreement at issue here—agreements entered into in the context of a sale of a business by a substantial owner of the business and agreements with senior executives. *See* 16 CFR § 910.3(a). As explained in the Plaintiffs' Response to the Dillon Defendants' Motion for Summary Judgment, Dillon entered the non-competition agreement at issue here when he sold his company to Plaintiffs and agreed, pursuant to that sale, to stay on as President. (ECF 170, at 37-32.) Thus, even if the FTC Rule were in effect, and even if it applied to pending litigation, it would not be relevant to Dillon's non-competition agreement.

The FTC Rule is irrelevant to this litigation and this Court should exclude any mention of, reference to, or reliance upon the FTC Rule during trial pursuant to Federal Rule of Evidence 401.

### III. The Dangers of Unfair Prejudice, Confusing the Issues, and Misleading the Jury Substantially Outweigh the Probative Value of Introducing Evidence of the FTC Rule

Even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Accordingly, courts often grant motions in limine to exclude evidence of legal authority that does

4

not apply to the legal issues at hand. *See United States v. Wall,* No. CR SAG-19-0500, 2022 WL 1268061, at *4 n.3 (D. Md. Apr. 28, 2022) (excluding evidence of marijuana laws not relevant to the marijuana case at issue for fear of jury confusion); *Toups v. Du-Mar Marine Contractors, Inc.,* 644 F. Supp. 475, 481 (E.D. La. 1985) (granting motion in limine "restricting plaintiff from mentioning in any fashion any alleged violation of this provision of the Code of Federal Regulations" because it "is inapplicable as a matter of law"); *Tabor v. Gaubert Oil Co.,* No. CIV. A. 06-9998, 2008 WL 1767000, at *3 (E.D. La. Apr. 14, 2008) (recognizing the inappropriateness of testimony based on inapplicable regulations).

Evidence and argument about the FTC Rule would be unfairly prejudicial to Plaintiffs here because it would "tend[] to encourage the jury to make a finding based on improper reasoning." *Nat'l Ass'n for Advancement of Colored People, Inc. v. City of Myrtle Beach*, 503 F. Supp. 3d 390, 396 (D.S.C. 2020).

A jury, misled by a mistaken belief that the FTC Rule governs the contract at issue, may rely on it to discount Dillon's non-competition agreement or other claims. Additionally, a jury likely would be confused about whether and to what extent the FTC Rule applies. No conceivable reason exists for Defendants to offer evidence about the FTC Rule at trial—given its total inapplicability here—*except* to color the jury's view about whether the enforceability of the non-competition agreement here could be credibly disputed. This issue of law, however, is solely for this Court's consideration—not the jury's.

Moreover, while a limiting instruction is appropriate to minimize prejudice in some cases, it is not appropriate here. To contextualize the FTC Rule would require explaining the changing legal landscape, the current challenges to the FTC Rule, and the various exceptions and carve outs to this lengthy regulation. Such an explanation risks further confusing a jury about the legal issues

in this already complex case. At bottom, the FTC's Rule has no probative value and poses dangers of significant unfair prejudice to Plaintiffs. Thus, exclusion is appropriate here. *See* Fed. R. Evid. 403.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an order, granting this Motion in Limine No. 2 and excluding all evidence and mention of the FTC Rule.

Respectfully Submitted,

**ELGIN SEPARATION SOLUTIONS, LLC and CMI/CSI LLC**

**BY COUNSEL**

*/s/ Jill Cranston Rice*
Jill Cranston Rice (WV State Bar No. 7421)
Lauren E. Motes (WV State Bar No. 14053)
DINSMORE & SHOHL LLP
215 Don Knotts Blvd., Suite 310
Morgantown, WV 26501
Telephone: (304) 296-1100
Email: jill.rice@dinsmore.com
Email: lauren.motes@dinsmore.com

Gillian Lindsay (IL ARDC No. 6298511; OH State Bar 0084365)
*Pro hac vice*
Julie Ratliff (IN 35688-49)
*Pro hac vice*
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 836-5871
Email: glindsay@taftlaw.com
*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**ELGIN SEPARATION SOLUTIONS, LLC**
**and CMI/CSI LLC f/k/a CENTRIFUGAL**
**SERVICES, LLC,**

        **Plaintiffs,**

v.                                **CASE NO. 2:23-cv-00440**
                                          **Judge Irene Berger**

**DAVID CHADWICK DILLON,**
**DILLON INDUSTRIES, INC., and**
**DONALD RITCHIE,**

        **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Plaintiffs' Motion in Limine No. 2** was served upon all parties via the Court's CM/ECF System, on this 12th day of June, 2024 to the following counsel of record:

| | |
|---|---|
| M. Shane Harvey / Grace E. Hurney<br>JACKSON KELLY PLLC<br>P.O. Box 553<br>Charleston, WV 25322<br>*Counsel for David Chadwick Dillon and Dillon Industries, Inc.* | Scott H. Kaminski<br>RAY, WINTON & KELLEY, PLLC<br>109 Capitol Street, Suite 700<br>Charleston, WV 25301<br>*Counsel for Donald Ritchie* |

                                              */s/ Jill Cranston Rice*
                                              Jill Cranston Rice (WV State Bar No. 7421)