IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELGIN SEPARATION SOLUTIONS, LLC
and CMI/CSI LLC f/k/a CENTRIFUGAL
SERVICES, LLC,

        **Plaintiffs,**

v.                                                      **CASE NO. 2:23-cv-00440**
                                                                   **Judge Irene Berger**

DAVID CHADWICK DILLON,
DILLON INDUSTRIES, INC., and
DONALD RITCHIE,

        **Defendants.**

**PLAINTIFFS' MOTIONS IN LIMINE NO. 3:
<u>MOTION RELATING TO STOCK PURCHASE</u>**

Pursuant to Federal Rules of Evidence 401, 402, and 403, Plaintiffs respectfully move this Honorable Court to exclude all evidence and argument relating to the 2023 stock purchase agreement between TerraSource Holdings LLC, Plaintiffs, and others. In support of this Motion, Plaintiffs state as follows:

**I.    Relevant Background**

Plaintiffs in this action are CMI/CSI, LLC f/k/a Centrifugal Services, LLC ("Centrifugal Services") and Elgin Separation Solutions, LLC, which is Centrifugal Services' parent company and sole owner. In 2013, Centrifugal Services acquired Defendant David Chadwick Dillon's ("Dillon") former company, Industrial Process Equipment ("IPE") in Poca, West Virginia. A few years later, in 2018, the Elgin enterprise (of which Centrifugal Services and Elgin Separation Solutions, LLC are a part) formed "Elgin Power Solutions" and "Elgin Separation Solutions" as legal entities and brand names. Accordingly, around this time, the IPE facility in Poca, West

Virginia, started operating as Elgin Separation Solutions, though Centrifugal Services remained the owner of the facility.

In January 2023, TerraSource Holdings LLC ("TerraSource") purchased Elgin Power and Separation Solutions LLC via stock purchase agreement. Centrifugal Services remains operational and the owner of the Poca facility, which continues to go by the name of Centrifugal Services' parent company, Elgin Separation Solutions.

In Defendants Dillon and Dillon Industries, Inc.'s (collectively, the "Dillon Defendants") memorandum in support of their motion for summary judgment, they make several statements about the TerraSource stock purchase agreement. For example, they proclaim that Plaintiffs and TerraSource have Dillon's work to thank for the successful deal. (ECF 160 at 4.) The Dillon Defendants make veiled assertions about the price of the stock purchase and the content of press releases at the time. (*Id*. at 4.) And they even assert that TerraSource is driving this litigation without the support of leadership (or former leadership) at Elgin Separation Solutions, though they have no evidence of this. (*Id*. at 7-8.) Although these asserted "facts" are in the "Background" section of the Dillon Defendants' brief, the Dillon Defendants do not raise any arguments about TerraSource or the stock purchase agreement when discussing their defenses to the claims in this lawsuit. Indeed, neither TerraSource nor the 2023 stock purchase is ever mentioned in the argument section of the Dillon Defendants' summary judgment memorandum. (*See* ECF 160.)

## II. The 2023 Stock Purchase Is Irrelevant and Should Be Excluded Under Federal Rule of Evidence 401.

It is well established that "[i]rrelevant evidence is not admissible" at trial. Fed. R. Evid. 402. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401; *Cisson v. C.R. Bard, Inc.*, 86 F. Supp. 3d 510, 515 (S.D.W. Va. 2015), *aff'd sub nom*.

2

*In re C.R. Bard, Inc., MDL. No. 2187, Pelvic Repair Sys. Prod. Liab. Litig.*, 810 F.3d 913 (4th Cir. 2016).

The 2023 TerraSource stock purchase is not relevant to this litigation. First, as mentioned above, the Dillon Defendants made no argument at summary judgment that touched on this stock purchase acquisition. This omission underscores that the stock purchase is simply not relevant to the claims or defenses at issue. Further, the fact that Plaintiffs were involved in this stock purchase agreement alters nothing about their rights to bring this lawsuit. *See Corp. Exp. Off. Prod., Inc. v. Phillips*, 847 So. 2d 406, 412 (Fla. 2003) ("[T]here is a clear distinction between the transfer of an asset of a corporation, such as a franchise agreement, and a transfer of the stock in a corporation itself. . . . With a stock purchase, the corporation whose stock is acquired continues in existence, even though there may be a change in its management. . . . [T]he fact that there is a change in ownership of corporate stock does not affect the corporation's existence or its contract rights, or its liabilities."); *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 423 (3d Cir. 2010) (determining that a corporation remains intact following a stock sale and, notwithstanding its altered ownership, continues to have the right to enforce a covenant).

As a matter of law, the change in ownership has no relevance to the underlying facts, *e.g.*, Defendants theft of Elgin information and Defendants' use of that information to start a competing business and divert employees and customers from Elgin. *See id.* Simply put, the fact that Elgin has a new owner does not have any tendency to make a fact more or less probable than it would be without the evidence of this sale; the acquisition and new ownership is of no factual or legal consequence in determining this action. Fed. R. Evid. 401.

### III. The Dangers of Confusing the Issues, Misleading the Jury, and Wasting Time Substantially Outweigh the Probative Value of Introducing Evidence of the Stock Purchase Agreement.

Even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, evidence regarding the TerraSource stock purchase agreement is likely to confuse the issues, mislead the jury, and waste time. The 2023 TerraSource acquisition is a complex stock purchase acquisition involving several entities, including Plaintiffs and others. To make sense of it, the jury would need to see lengthy contractual agreements, as well as organizational charts of the TerraSource enterprise, and hear testimony about the relationships of the entities and the details of the transaction. This evidence would be in addition to the contractual agreements and organizations' structures that the jury will already need to grasp to understand the relationships of the parties and the contracts actually at issue in this litigation. These efforts would be time consuming, confusing, and ultimately a waste of time and resources—especially given that none of Plaintiffs' arguments, and none of Defendants' defenses, rely on this acquisition; and as a matter of law, the stock purchase agreement did not alter Plaintiffs' rights to enforce their claims. Fed. R. Evid. 401; *see also Corp. Exp. Off. Prod., Inc.*, 847 So. 2d at 412; *Zambelli Fireworks Mfg. Co., Inc.*, 592 F.3d at 423. Thus, the evidence should be barred. *See* Fed. R. Evid. 401; *see also Earl v. NVR, Inc.,* No. 20CV0505, 2022 WL 6171317, at *1 (W.D. Pa. Oct. 7, 2022) (granting a motion in limine to exclude evidence of an asset purchase which was not relevant to underlying claims and that would confuse jury).

Further, if Defendants approach the TerraSource acquisition at trial in the way they approached it at summary judgment, this evidence would likely mislead a jury and prejudice Plaintiffs. We provide two examples. First, the Dillon Defendants seemed to imply at summary

4

judgment that the decision to file this suit was made by high-ranking TerraSource executives who are out of touch with folks nearer to the ground at Plaintiffs' Poca facility—and thus that the litigation is somehow illegitimate. These claims are nothing more than unsupported speculation outside of Defendants' personal knowledge and, at best, hearsay. Fed. Rule Evid. 602, 801(c). These details are misleading; but what's more, Plaintiffs cannot defend against the implications of this narrative without waiving privilege to reveal the people and discussions involved in deciding to bring this lawsuit. Plaintiffs should not be forced to waive privilege to defend against statements about an acquisition that are entirely irrelevant to the matters in this lawsuit. Fed. R. Evid. 403.

Second, the Dillon Defendants also made statements at summary judgment that the stock purchase price was $30-50 million, that Dillon's work helped position the Poca facility to negotiate this sale, and that the press releases at the time did not mention anything negative about Dillon. ECF 160 at 4. These statements are misplaced, confusing, and misleading.

The stock purchase was not just to acquire the facility in Poca, West Virginia where Dillon worked but, rather, involved the stock purchase of Elgin Power and Separation Solutions, LLC—a parent company to several other entities, including Elgin Separation Solutions, LLC (which has many facilities all over the county, including Poca). It would thus be entirely misleading to imply that Dillon's work with Plaintiffs at the Poca facility was a key contributor to the complex sale. It is entirely without foundation, and false. Fed. Rule Evid. 602. Moreover, none of the Defendants have personal knowledge of the terms of the transaction or insight into the purchase price; further, Defendants chose not to depose anyone with this knowledge. Fed. Rule Evid. 602, 801(c).

For this same reason, the fact that press releases covering the stock purchase did not mention Dillon by name says nothing about whether his actions were unlawful or were harmful to Plaintiffs. Fed. Rule Evid. 401, 602. Explaining this to a jury, however, would take time and would

invite confusion about who the Plaintiffs are, how they are related to TerraSource (which is not a Plaintiff), and how damages should be assessed. Given that the information about the acquisition is irrelevant to the underlying claims and defenses, these risks of confusing the issues, misleading the jury, and wasting time at trial substantially outweigh any probative value for allowing the evidence to be used. *See* Fed. R. Evid. 401, 403.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an order, granting this Motion in Limine No. 3. and excluding all evidence of the TerraSource stock purchase.

Respectfully Submitted,

**ELGIN SEPARATION SOLUTIONS, LLC and CMI/CSI LLC**

**BY COUNSEL**

*/s/ Jill Cranston Rice*
Jill Cranston Rice (WV State Bar No. 7421)
Lauren E. Motes (WV State Bar No. 14053)
DINSMORE & SHOHL LLP
215 Don Knotts Blvd., Suite 310
Morgantown, WV 26501
Telephone: (304) 296-1100
Email: jill.rice@dinsmore.com
Email: lauren.motes@dinsmore.com

Gillian Lindsay (IL ARDC No. 6298511;
OH State Bar 0084365)
*Pro hac vice*
Julie Ratliff (IN 35688-49)
*Pro hac vice*
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 836-5871
Email: glindsay@taftlaw.com
*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**ELGIN SEPARATION SOLUTIONS, LLC**
**and CMI/CSI LLC f/k/a CENTRIFUGAL**
**SERVICES, LLC,**

      **Plaintiffs,**

v.                                          **CASE NO. 2:23-cv-00440**
                                                   **Judge Irene Berger**

**DAVID CHADWICK DILLON,**
**DILLON INDUSTRIES, INC., and**
**DONALD RITCHIE,**

      **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Plaintiffs' Motion in Limine No. 3: Motion Relating to Stock Purchase** was served upon all parties via the Court's CM/ECF System, on this 12th day of June, 2024 to the following counsel of record:

M. Shane Harvey / Grace E. Hurney          Scott H. Kaminski
JACKSON KELLY PLLC                         RAY, WINTON & KELLEY, PLLC
P.O. Box 553                                           109 Capitol Street, Suite 700
Charleston, WV 25322                            Charleston, WV 25301
*Counsel for David Chadwick Dillon and*     *Counsel for Donald Ritchie*
*Dillon Industries, Inc.*

                                                          */s/ Jill Cranston Rice*
                                                          Jill Cranston Rice (WV State Bar No. 7421)