**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ELGIN SEPARATION SOLUTIONS, LLC
and CMI/CSI LLC f/k/a CENTRIFUGAL
SERVICES, LLC,

        **Plaintiffs,**

v.                                                                      **CASE NO. 2:23-cv-00440**
                                            **Judge Irene Berger**

DAVID CHADWICK DILLON,
DILLON INDUSTRIES, INC., and
DONALD RITCHIE,

        **Defendants.**

**PLAINTIFFS' MOTIONS IN LIMINE NO. 5:**
**MOTION IN LIMINE REGARDING MOTIONS TO SEAL EXHIBITS**

Pursuant to Federal Rules of Evidence 401, 402, and 403, Plaintiffs respectfully move this Honorable Court to exclude all evidence and argument relating to this Court's rulings on Plaintiffs' three motions to seal exhibits. In support of this Motion, Plaintiffs state as follows:

**I.**       **Relevant Background**

Plaintiffs thrice have moved to file certain exhibits under seal. (ECF 155; ECF 171; ECF 172.) First, on May 17, 2024, Plaintiffs moved to seal two exhibits attached to an affidavit submitted in support of their *Motion for Preliminary Injunction* in September 2023 (the "Motion to Seal PI Exhibits"). (ECF 155-156.) Those exhibits depicted two-dimensional, .pdf images of the Drawings that Plaintiffs assert are part of their confidential, proprietary, and trade secret information that Defendants took in violation of contractual obligations, fiduciary duties, and/or tort law. Plaintiffs' lead counsel did not represent Plaintiffs at the preliminary injunction stage. She learned about the public filing of these exhibits in an April 2024 deposition. During the

deposition, Defendants referred to the public filing to suggest that the Drawings were not confidential or proprietary. Plaintiffs consequently moved, as soon as practicable, to refile these exhibits under seal; the Court did not rely on or reference the then-unsealed exhibits in denying the preliminary injunction.

Next, on June 1, 2024, Plaintiffs moved to file under seal certain exhibits referenced in Plaintiffs' *Responses in Opposition to Defendants' Motions for Summary Judgment*. (ECF 171.) These exhibits had been marked—by Plaintiffs, Defendants, and/or third parties—as being confidential under the Agreed Protective Order entered in this case. (ECF 97.) Third, and finally, on June 7, 2024, Plaintiffs moved to supplement their June 1 Motion by including three additional exhibits that were inadvertently not included. (ECF 172.) (These two Motions collectively will be referred to herein as the "Motions to Seal SJ Exhibits.")

Regardless of the rulings on Plaintiffs' three pending motions to seal, Defendants should be excluded from offering evidence relating to the timing or outcome of these motions. Such evidence would be irrelevant and impose a risk of unfair prejudice, confusing the issues, and misleading the jury.

## II.    Evidence Regarding Motions to Seal Certain Exhibits Is Irrelevant and Should Be Excluded Under Federal Rule of Evidence 401.

It is well established that "[i]rrelevant evidence is not admissible" at trial. Fed. R. Evid. 402. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401; *Cisson v. C.R. Bard, Inc.*, 86 F. Supp. 3d 510, 515 (S.D.W. Va. 2015), *aff'd sub nom. In re C.R. Bard, Inc., MDL. No. 2187, Pelvic Repair Sys. Prod. Liab. Litig.*, 810 F.3d 913 (4th Cir. 2016).

2

The timing of Plaintiffs' Motion to Seal PI Exhibits is a procedural detail that is irrelevant to the substantive merits of the case, and evidence about it should be excluded. Fed. Rule Evid. 401. Courts recognize that procedural history is irrelevant and thus inadmissible at trial. *See, e.g.*, *Jackson v. Doe*, No. 3:10-CV-00771-LRH, 2014 WL 358689, at *2 (D. Nev. Jan. 31, 2014) ("There is nothing about the procedural history of this case that constitutes admissible evidence at trial. No comment should be made by either side concerning the procedural history of this case."); *Bryant v. OptumRX Pharmacy, Inc.*, No. SA CV 16-00478-DFM, 2017 WL 5714721, at *4 (C.D. Cal. May 10, 2017), *aff'd sub nom. Bryant v. Unitedhealth Grp., Inc.*, 744 F. App'x 488 (9th Cir. 2018) (precluding references to procedural history as irrelevant).

This Court's ultimate rulings on each of the three motions also represent procedural history that should likewise be excluded. *See Anderson v. Ford Motor Co.*, No. 2:06-CV-741 TS, 2014 WL 12597046, at *1 (D. Utah Sept. 16, 2014) (granting a motion in limine precluding references to prior motions and rulings in the case). Moreover, should this Court deny the motions to seal, the denials would not be relevant to whether the underlying documents are confidential to Plaintiffs, given the reluctance with which courts agree to seal documents from the public record. The standard for granting a motion to seal is exceptionally high. *See Walhonde Tools, Inc. v. Allegheny Energy, Inc.*, No. CIV A 2:06-0537, 2008 WL 4509365, at *2 (S.D.W. Va. Sept. 30, 2008) (noting that "sealing is the infrequent exception and not the rule"). On the one hand, courts must weigh First Amendment principles and the public interest in judicial transparency. On the other hand, they must consider private party interests in disclosure. Indeed, on occasion, a court will permit confidential information to remain on the public docket even when that information has been safeguarded by the court's own protective order. *See id.* (denying a motion to seal documents that were marked confidential under a protective order). Thus, even if this Court were to deny

3

Plaintiffs' motions to seal, those decisions would be irrelevant to the merits of whether the underlying documents are confidential to Plaintiffs and treated as such. Accordingly, all evidence and argument relating to this Court's rulings on Plaintiffs' three motions to seal exhibits should be excluded under Rule 401.

III.     **The Dangers of Unfair Prejudice, Confusing the Issues, and Misleading the Jury Substantially Outweigh the Probative Value of Introducing Evidence of Plaintiffs' Motions to Seal.**

Even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

First, evidence about the timing of the motions to seal, in addition to being irrelevant procedural history, would mislead and unfairly prejudice the jury. Specifically, should Defendants argue that the timing of the Motion to Seal PI Exhibits shows that Plaintiffs' claims of confidentiality are disingenuous, these arguments would be misleading. The exhibits Plaintiffs sought to seal in the Motion to Seal PI Exhibits do not represent the full scope of Plaintiffs' Drawings subject to trade secret protections—nor do they represent the scope of the theft in this case. So Plaintiffs' inadvertent failure to immediately seal the exhibits in connection with the urgency of the preliminary injunction motion does not represent Plaintiffs' treatment of their trade secrets as a whole. Spending time during the trial arguing about Plaintiffs' treatment of a handful of two-dimensional Drawings—that Defendants' already misappropriated—would distract from Plaintiffs' handling of a much broader catalog of trade secrets, including hundreds of two-dimensional, three-dimensional, Assembly, and electronically-formatted Drawings, as well as inspection reports and manuals that have not been publicly posted on the docket.

Second, should Defendants be permitted to reference this Court's rulings on the motions to seal, those references would mislead and unfairly prejudice the jury, who are likely to defer to

this Court's ruling. Should the Court deny the motions to seal, for instance, that decision would indicate to jurors that the information should not be considered to be confidential or a trade secret. *See Nat'l Ass'n for Advancement of Colored People, Inc. v. City of Myrtle Beach*, 503 F. Supp. 3d 390, 396 (D.S.C. 2020) (noting that "jurors are likely to defer to findings . . . made by an authoritative, professional factfinder rather than determine those issues for themselves"). This indication is misleading, however, given that the bar for granting a motion to seal is much higher than the bar for finding that information is confidential at trial. *See Walhonde,* No. 2:06-0537, at *2. At bottom, the minimal probative value of this evidence is substantially outweighed by the dangers of confusing the issues, misleading the jury, and undue prejudice to Plaintiffs. Thus, exclusion of argument or evidence relating to all three of Plaintiffs' motions to seal is appropriate here. *See* Fed. R. Evid. 403.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an order, granting this Motion in Limine No. 5, and excluding all evidence relating to Plaintiffs' motions to seal exhibits.

Respectfully Submitted,

**ELGIN SEPARATION SOLUTIONS, LLC
and CMI/CSI LLC**

**BY COUNSEL**

*/s/ Jill Cranston Rice*
Jill Cranston Rice (WV State Bar No. 7421)
Lauren E. Motes (WV State Bar No. 14053)
DINSMORE & SHOHL LLP
215 Don Knotts Blvd., Suite 310
Morgantown, WV 26501
Telephone: (304) 296-1100
Email: jill.rice@dinsmore.com
Email: lauren.motes@dinsmore.com

5

Gillian Lindsay (IL ARDC No. 6298511;
OH State Bar 0084365)
*Pro hac vice*
Julie Ratliff (IN 35688-49)
*Pro hac vice*
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 836-5871
Email: glindsay@taftlaw.com
*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

ELGIN SEPARATION SOLUTIONS, LLC
and CMI/CSI LLC f/k/a CENTRIFUGAL
SERVICES, LLC,

        **Plaintiffs,**

**v.**                                            **CASE NO. 2:23-cv-00440**
                                                 **Judge Irene Berger**

DAVID CHADWICK DILLON,
DILLON INDUSTRIES, INC., and
DONALD RITCHIE,

        **Defendants.**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Plaintiffs' Motion in Limine No. 5: Motion in Limine Regarding Motions to Seal Exhibits** was served upon all parties via the Court's CM/ECF System, on this 12ᵗʰ day of June, 2024 to the following counsel of record:

| | |
|---|---|
| M. Shane Harvey / Grace E. Hurney | Scott H. Kaminski |
| JACKSON KELLY PLLC | RAY, WINTON & KELLEY, PLLC |
| P.O. Box 553 | 109 Capitol Street, Suite 700 |
| Charleston, WV 25322 | Charleston, WV 25301 |
| *Counsel for David Chadwick Dillon and Dillon Industries, Inc.* | *Counsel for Donald Ritchie* |

                                               */s/ Jill Cranston Rice*
                                               Jill Cranston Rice (WV State Bar No. 7421)