IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELGIN SEPARATION SOLUTIONS, LLC
and CMI/CSI LLC f/k/a CENTRIFUGAL
SERVICES, LLC,

        **Plaintiffs,**

v.                                                                        CASE NO. 2:23-cv-00440
                                                                             Judge Irene Berger

DAVID CHADWICK DILLON,
DILLON INDUSTRIES, INC., and
DONALD RITCHIE,

        **Defendants.**

**PLAINTIFFS' MOTIONS IN LIMINE NO. 4:**
**<u>MOTION IN LIMINE REGARDING HEARSAY AND SPECULATIVE TESTIMONY</u>**

       Pursuant to Federal Rules of Evidence 602 and 802, Plaintiffs respectfully move this Honorable Court to bar and exclude Defendants David Chadwick Dillon ("Dillon") and Donald Ritchie ("Ritchie"), and any other lay witnesses called by Defendants at trial, from testifying about matters outside their personal knowledge. Specifically, Plaintiffs respectfully move to bar and exclude hearsay or speculative testimony relating to why other former Elgin employees left their employment with Elgin and began working for Dillon Industries, Inc. ("Dillon Industries") or why customers left Elgin for Dillon Industries.

      **I.**       **Relevant Background**

       Plaintiffs assert that, among other acts, Defendants Ritchie and Dillon solicited Elgin employees to resign from Elgin and begin working for Dillon Industries—and solicited Elgin's customers to redirect their business to Dillon Industries—in violation of contractual provisions, tort law, and/or fiduciary duties. (ECF 21, Am. Ver. Complt. Counts V, VI, VII, VIII).

In defense, Defendants contend in their *Motions for Summary Judgment* and *Memoranda in Support of Summary Judgment* that the employees who started working for Dillon Industries did so because of concerns regarding management and job stability at Elgin Separation Solutions, LLC ("Elgin"). (ECF 160, at 4-5.) Former Elgin employees testified during their depositions that their fellow employees left Elgin for these reasons. (*See, e.g.*, Ex. A, Kelley Dep. Tr. at 55:16-19 ("Q. What were your feelings about [Chad's replacement]? A. Similar to everybody else's. Q. Okay. And what was that? A. Concern of how things were going to go.")) These employees, however, do not have personal knowledge about other employees' reasons or motivations to leave Elgin.

Defendants also imply that Elgin customers left Elgin to follow Dillon because he provided great customer service. (ECF 160 at 3 (comparing Dillon's customer service abilities with his successor at Elgin.)) Further, Dillon testified at his deposition about his strong reputation and his belief that customers would follow him based on that reputation. (Ex. B, Dillon Dep. Tr. at 193:10-194:20 ("Q. [Your sales and marketing strategy] says … 'I will use my contacts and reputation to bring a huge mass of repair work that is out there.' A. Uh-huh. Q. What contacts? A. The people that I developed over the years. Q. Who would that include? A. Anybody I ever been in business with, Darling, Halliburton, whomever. Q. Jay Gee? A. Yes. … Q. Okay. And reputation, what do you mean by use your reputation? A. Just the reputation I have in the, throughout the country of being very good at what I do and that's, again, self-serving but it's really known and I don't think anybody would disagree with that.")) Neither Dillon nor Ritchie nor any other witness who is not a representative of a given customer, however, would have personal knowledge about why that customer sent its business to Dillon Industries.

Ultimately, testimony to prove the truth of why an individual employee left employment at Elgin and began working for Dillon Industries must be limited to that individual employee. Similarly, testimony to prove the truth of why an individual customer redirected its business from Elgin to Dillon Industries must be made by a representative of that individual customer. No one else has personal knowledge of the conversations, concerns, incentives, or other rationale that led to an individual employee's decision to leave Elgin or a customer's decision to place an order with Dillon Industries.

## II.     A Witness Must Have Personal Knowledge

The testimony of a lay witness must be confined to statements of fact of which the witness has personal knowledge. Fed. R Evid. 602; *see Gomez v. Haystax Tech., Inc.,* 761 F. App'x 220, 231 (4th Cir. 2019) (affirming the exclusion of testimony from a lay witness without personal knowledge of events). In other words, a lay witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R Evid. 602. Further, if a witness testifies about another's out-of-court statement to show that this statement is true, such testimony would be inadmissible hearsay under Federal Rule of Evidence 801(c).

Here, any individual employee who left Elgin to work at Dillon Industries would have personal knowledge of his own decision to leave Elgin. Likewise, any customer who chose to redirect its business from Elgin to Dillon Industries would have personal knowledge as to its own individual reason(s) for doing so and the event(s) leading to its decisions. *See* Fed. R. Evid. 602. An employee, however, would have no personal knowledge about what occurrences, omissions, or other circumstances or factors led *another* employee to leave Elgin. Nor would an employee—including Dillon and Ritchie—have personal knowledge about what went into a customer's decision to limit its business with Elgin. Any testimony offered concerning these decisions by

other, non-testifying employees or customers should be excluded as inadmissible speculation and hearsay. *See Carr-Lambert v. Grant Cnty. Bd. of Educ.*, No. 2:09-CV-61, 2011 WL 13309046, at *2 (N.D.W. Va. Aug. 12, 2011) (granting a motion in limine pursuant to Rules 602 and 802, such that witnesses are "precluded from mentioning hearsay generally and speculating generally" on specific topic); *see also United States v. Briscoe*, No. CR RDB-20-0139, 2022 WL 1487756, at *8 (D. Md. May 11, 2022) (granting a motion in limine to preclude hearsay statements); *Finch v. Covil Corp.*, No. 1:16-CV-1077, 2018 WL 10690207, at *1 (M.D.N.C. Sept. 28, 2018) (granting a motion in limine to restrict testimony not based on personal knowledge).

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an order, granting this Motion in Limine No. 4 and barring Defendants, and any other lay witness, from testifying about the motivations of other employees to leave Elgin and begin working for Dillon Industries, or about the motivations of customers to redirect business from Elgin to Dillon Industries.

Respectfully Submitted,

**ELGIN SEPARATION SOLUTIONS, LLC and CMI/CSI LLC**

**BY COUNSEL**

*/s/ Jill Cranston Rice*
Jill Cranston Rice (WV State Bar No. 7421)
Lauren E. Motes (WV State Bar No. 14053)
DINSMORE & SHOHL LLP
215 Don Knotts Blvd., Suite 310
Morgantown, WV 26501
Telephone: (304) 296-1100
Email: jill.rice@dinsmore.com
Email: lauren.motes@dinsmore.com

Gillian Lindsay (IL ARDC No. 6298511;

OH State Bar 0084365)
*Pro hac vice*
Julie Ratliff (IN 35688-49)
*Pro hac vice*
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 836-5871
Email: glindsay@taftlaw.com
*Counsel for Plaintiff*

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELGIN SEPARATION SOLUTIONS, LLC
and CMI/CSI LLC f/k/a CENTRIFUGAL
SERVICES, LLC,

        Plaintiffs,

v.                                                                      CASE NO. 2:23-cv-00440
                                                                       Judge Irene Berger

DAVID CHADWICK DILLON,
DILLON INDUSTRIES, INC., and
DONALD RITCHIE,

        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Plaintiffs' Motion in Limine No. 4: Motion in Limine Regarding Hearsay and Speculative Testimony** was served upon all parties via the Court's CM/ECF System, on this 12th day of June, 2024 to the following counsel of record:

| | |
|---|---|
| M. Shane Harvey / Grace E. Hurney<br>JACKSON KELLY PLLC<br>P.O. Box 553<br>Charleston, WV 25322<br>*Counsel for David Chadwick Dillon and Dillon Industries, Inc.* | Scott H. Kaminski<br>RAY, WINTON & KELLEY, PLLC<br>109 Capitol Street, Suite 700<br>Charleston, WV 25301<br>*Counsel for Donald Ritchie* |

                                                                     */s/ Jill Cranston Rice*
                                                                     Jill Cranston Rice (WV State Bar No. 7421)