IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELGIN SEPARATION SOLUTIONS, LLC
and CMI/CSI LLC f/k/a CENTRIFUGAL
SERVICES, LLC,

        **Plaintiffs,**

v.                                                         CASE NO. 2:23-cv-00440
                                                                             Judge Irene Berger

DAVID CHADWICK DILLON,
DILLON INDUSTRIES, INC., and
DONALD RITCHIE,

        **Defendants.**

**PLAINTIFFS' MOTIONS IN LIMINE NO. 6: MOTION IN LIMINE REGARDING LAY OPINION TESTIMONY ABOUT THE DELETION OF PLAINTIFFS' INFORMATION**

Pursuant to Federal Rules of Evidence 701 and 702, Plaintiffs respectfully request that this Honorable Court preclude Defendants David Chadwick Dillon ("Dillon") and Donald Ritchie ("Ritchie"), or any other lay witness, from introducing opinion testimony relating to whether Defendants successfully and completely deleted and stopped using all of Plaintiffs' information on Defendants' devices, email, network, and systems. In support of this Motion, Plaintiffs state as follows:

    **I.**    **Relevant Background**

In Defendants' *Motions for Summary Judgment* and the *Memoranda In Support of Summary Judgment*, Defendants insist that, although they took Plaintiffs' information, they later stopped using that information. (ECF 160 at 39.) Defendants also testified that they returned, deleted or destroyed all of Plaintiffs' information after receiving a cease and desist letter and notice of this lawsuit. (Ex. A, Dillon Dep. Tr. at 339:23-340:1 ("Q. Have you turned over everything

that's in your possession? A. Yes."); Ex. B, Ritchie Dep. Tr. at 261:10-14 (reading from his affidavit that "Dillon Industries has to my knowledge returned all Elgin drawings to Elgin and has ceased using any Elgin drawings."))

Defendants' contentions, however, are flatly refuted by the evidence from Plaintiffs' forensic expert. Plaintiffs' expert has conducted forensic analysis of: (i) the laptops Defendants used while employed with Plaintiffs; (ii) the external hard drives and flash drives Defendants turned over to Plaintiffs in response to a cease-and-desist letter; (iii) the laptops Defendants use at Dillon Industries; and (iv) Defendants' Dillon Industries email accounts. (*See* V. Swaminathan Supplemental Forensic Report, attached hereto as Exhibit C, at 1; Affidavit of Vaidhyanathan Swaminathan, attached hereto as Exhibit D, at ¶¶ 7-9.)

Based on these analyses, Plaintiffs' forensic expert has offered testimony in the form of an Expert Report, Supplemental Expert Report, and an Affidavit. These forensic reports and affidavit reveal that Plaintiffs' information remained on Defendants' devices until as recently as April 2024. (*See* Ex. D, at Exs. E-G, listing Plaintiffs' information on Defendants' devices after remedial searches were undertaken in April 2024.) And Defendants used Plaintiffs' information from hard drives connected to their Dillon Industries' laptops at least until June 2023, which is a full month *after* the Defendants purported to return their hard drives to Plaintiffs. (*See* Ex. D, at ¶ 8 (identifying hard drives returned to Elgin in May 2023); ¶¶ 25, 28 (identifying other hard drives accessed by Defendants in June 2023).)

Defendants have not retained or disclosed a forensic expert to offer opinion testimony regarding the process or results of Plaintiffs' expert's forensic analysis, nor the conclusions he draws from those results. Neither Dillon nor Ritchie have the background or experience necessary to qualify as an expert qualified to give expert testimony on this subject. (Ex. A, Dillon Dep. Tr.

2

at 58:23 ("… to this day I'm not at all good with computers"); Ex. B, Ritchie Dep. Tr. at 13:20-14:17 (describing his professional and educational background in non-forensic areas, including a "semester [] for engineering[, . . .] Bible seminary" and around "18 years of experience machining.").)

## II. Argument

Defendants should not be permitted to offer opinion testimony regarding whether they successfully or completely deleted Plaintiffs' information from their devices, nor whether they completely ceased use of Plaintiffs' information after receiving a cease-and-desist letter in March 2023. As lay witnesses, Defendants' opinion testimony should be confined to only those facts and events that the witness observed, that are helpful to clearly understand the testimony or determining a fact in issue, and that are not based on scientific, technical, or other specialized knowledge. Fed. R. Evid. 701; *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000) (explaining that Rule 701 permits lay witnesses to "offer an opinion on the basis of relevant historical or narrative facts that the witness has perceived"). Accordingly, Defendants can of course testify about actions they took, for example, to delete or return specific documents belonging to Plaintiffs or to destroy devices containing Plaintiffs' information. Fed. R. Evid. 701.

Plaintiffs cannot, however, opine about whether they successfully, permanently, and in an unrecoverable manner, deleted Plaintiffs' information from each of their devices. Similarly, Plaintiffs should be precluded from testifying regarding whether they ceased use of *all* of Plaintiffs' information, including files that were created based off of Plaintiffs' information. Though Defendants have proffered testimony and argument on these themes, the forensic evidence compiled by Plaintiffs' expert examining Defendants' own devices reveals that this testimony is

3

patently untrue. And, as described above, Defendants lack the background, credentials, or expertise to refute the expert's forensic evidence or to discredit the methodologies that the forensic expert used to form his opinion. Thus, any opinion testimony Defendants offer to refute the Plaintiffs' expert opinions would be outside the realm of proper lay testimony under Rule 701, and should be excluded as such. *See Certain Underwriters*, 232 F.3d at 203 (reiterating that Rule 701, generally, "does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness" (other citations omitted)).

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an order, granting this Motion in Limine No. 6 and excluding certain lay opinion testimony relating to whether Defendants deleted and stopped using all of Plaintiffs' information on Defendants' devices.

Respectfully Submitted,

**ELGIN SEPARATION SOLUTIONS, LLC and CMI/CSI LLC**

**BY COUNSEL**

*/s/ Jill Cranston Rice*
Jill Cranston Rice (WV State Bar No. 7421)
Lauren E. Motes (WV State Bar No. 14053)
DINSMORE & SHOHL LLP
215 Don Knotts Blvd., Suite 310
Morgantown, WV 26501
Telephone: (304) 296-1100
Email: jill.rice@dinsmore.com
Email: lauren.motes@dinsmore.com

Gillian Lindsay (IL ARDC No. 6298511;
OH State Bar 0084365)
*Pro hac vice*
Julie Ratliff (IN 35688-49)

4

*Pro hac vice*
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 836-5871
Email: glindsay@taftlaw.com
*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELGIN SEPARATION SOLUTIONS, LLC
and CMI/CSI LLC f/k/a CENTRIFUGAL
SERVICES, LLC,

        Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　　CASE NO. 2:23-cv-00440
　　　　　　　　　　　　　　　　　　　　　　　　　　　Judge Irene Berger

DAVID CHADWICK DILLON,
DILLON INDUSTRIES, INC., and
DONALD RITCHIE,

        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Plaintiffs' Motion in Limine No. 6: Motion in Limine Regarding Lay Opinion Testimony About the Deletion of Plaintiffs' Information** was served upon all parties via the Court's CM/ECF System, on this 12th day of June, 2024 to the following counsel of record:

| | |
|---|---|
| M. Shane Harvey / Grace E. Hurney<br>JACKSON KELLY PLLC<br>P.O. Box 553<br>Charleston, WV 25322<br>*Counsel for David Chadwick Dillon and Dillon Industries, Inc.* | Scott H. Kaminski<br>RAY, WINTON & KELLEY, PLLC<br>109 Capitol Street, Suite 700<br>Charleston, WV 25301<br>*Counsel for Donald Ritchie* |

                                              */s/ Jill Cranston Rice*
                                              Jill Cranston Rice (WV State Bar No. 7421)