IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELGIN SEPARATION SOLUTIONS, LLC, et al.,

      Plaintiffs,

v.                                       CIVIL ACTION NO.  2:23-cv-00440

DAVID CHADWICK DILLON, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the motions in limine filed by each party in this matter, and provides the rulings set forth below.

**PLAINTIFFS' MOTIONS**

*1.    Motion in Limine No. 1*

The Court has reviewed the *Plaintiffs' Motion in Limine Regarding Motion for Preliminary Injunction* (Document 177), the *Omnibus Response of the Dillon Defendants to Plaintiffs' Motions in Limine* (Document 189), and *Defendant Donald Ritchie's Joinder in David Chadwick Dillon and Dillon Industries, Inc.'s Response to Elgin Separation Solutions, LLC's Motions in Limine* (Document 190).  The Plaintiffs argue that all evidence of the Court's preliminary injunction ruling and all evidence and argument relating to their request for a preliminary injunction should be excluded because it is irrelevant and introduction of the same would be unfairly prejudicial, unhelpful, or likely to confuse the jury.

The Defendants do not oppose the exclusion of evidence regarding the Court's preliminary injunction ruling. However, they oppose the Plaintiffs' motion to the extent that it seeks to exclude all evidence and argument presented at the preliminary injunction stage. They maintain that the Plaintiffs' evidence, which included sworn affidavits, constitutes party admissions which may be used either as affirmative evidence or for impeachment purposes.

To the extent that the parties agree to exclude evidence of the Court's preliminary injunction ruling, the Court **ORDERS** that the *Plaintiffs' Motion in Limine Regarding Motion for Preliminary Injunction* (Document 177) be **GRANTED**.

2. *Motion in Limine No. 2*

The Court has reviewed the *Plaintiffs' Motion in Limine Relating to Pending FTC Regulation* (Document 178), the *Omnibus Response of the Dillon Defendants to Plaintiffs' Motions in Limine* (Document 189), and *Defendant Donald Ritchie's Joinder in David Chadwick Dillon and Dillon Industries, Inc.'s Response to Elgin Separation Solutions, LLC's Motions in Limine* (Document 190). The Plaintiffs argue that all evidence and argument relating to the pending Federal Trade Commission's Rule banning certain non-competition agreements should be excluded. The Defendants do not oppose this request.

Accordingly, the Court **ORDERS** that the *Plaintiffs' Motion in Limine Relating to Pending FTC Regulation* (Document 178) be **GRANTED** as unopposed.

3. *Motion in Limine No. 3*

The Court has reviewed the *Plaintiffs' Motion in Limine Relating to Stock Purchase* (Document 179), the *Omnibus Response of the Dillon Defendants to Plaintiffs' Motions in Limine* (Document 189), and *Defendant Donald Ritchie's Joinder in David Chadwick Dillon and Dillon

*Industries, Inc.'s Response to Elgin Separation Solutions, LLC's Motions in Limine* (Document 190). The Plaintiffs seek to exclude all evidence and argument related to the 2023 Stock Purchase Agreement between TerraSource Holdings LLC, the Plaintiffs, and others. They argue that the 2023 stock purchase is irrelevant to the claims and defenses asserted in this action. In addition, they assert that evidence of the Stock Purchase Agreement is likely to confuse the issues, mislead the jury, and waste time due to the complex nature of the agreement and privileged matters underlying the Plaintiffs' decision to bring suit.

The Defendants maintain that they do not intend to waste the jury's time unpacking the relationships of the entities involved in the stock purchase and the details of the transaction. Rather, they only seek to introduce evidence of the 2023 stock purchase as a means of presenting an alternative theory of the reasons underlying the instant litigation.

To allow the Court to evaluate the contested testimony in context, the Court **ORDERS** that the *Plaintiffs' Motion in Limine Relating to Stock Purchase* (Document 179) be **HELD IN ABEYANCE**.

    4.    *Motion in Limine No. 4*

The Court has reviewed the *Plaintiffs' Motion in Limine Regarding Hearsay and Speculative Testimony* (Document 181), the *Omnibus Response of the Dillon Defendants to Plaintiffs' Motions in Limine* (Document 189), and *Defendant Donald Ritchie's Joinder in David Chadwick Dillon and Dillon Industries, Inc.'s Response to Elgin Separation Solutions, LLC's Motions in Limine* (Document 190). The Plaintiffs seek to exclude hearsay or speculative testimony relating to why former Elgin employees left their employment with Elgin and began working for Dillon Industries and relating to why customers left Elgin for Dillon Industries.

3

The Defendants represent that they do not intend to elicit speculative testimony or rely on inadmissible hearsay to demonstrate why customers and employees left Elgin. They note that the Plaintiffs' blanket motion in limine is premature at this stage. However, to the extent that the Court is inclined to grant such a motion, the Defendants request the Court apply any exclusion with equal force to the Plaintiffs, and that only inadmissible hearsay be prohibited.

To allow the Court to evaluate the contested testimony in context, the Court **ORDERS** that the *Plaintiffs' Motion in Limine Regarding Hearsay and Speculative Testimony* (Document 181) be **HELD IN ABEYANCE**.

5. *Motion in Limine No. 5*

The Court has reviewed the *Plaintiffs' Motion in Limine Regarding Motions to Seal Exhibits* (Document 180), the *Omnibus Response of the Dillon Defendants to Plaintiffs' Motions in Limine* (Document 189), and *Defendant Donald Ritchie's Joinder in David Chadwick Dillon and Dillon Industries, Inc.'s Response to Elgin Separation Solutions, LLC's Motions in Limine* (Document 190). The Plaintiffs seek to exclude all evidence and argument relating to the timing of, and the Court's rulings on, the Plaintiffs' various motions to seal exhibits.

The Defendants do not object to excluding evidence regarding the Court's rulings on the Plaintiffs' motions to seal. However, they argue that the timing of the motions is highly probative and relevant to a determination of whether the Plaintiffs comprehensively and consistently took precautions to safeguard their alleged trade secrets.

The Court finds that the timing of the Plaintiffs' motions to seal exhibits is not [highly probative or relevant] to a determination of the Plaintiffs' trade secrets claim. The parties have presented no authority to suggest that counsel's conduct in protecting alleged trade secret

4

information during pending litigation has any bearing on the client's treatment of such information as confidential or trade secret. Thus, the Court further finds that evidence of the timing of the Plaintiffs' motions to seal is likely to confuse the issues and will not be helpful to the jury. Accordingly, the Court **ORDERS** that the *Plaintiffs' Motion in Limine Regarding Motions to Seal Exhibits* (Document 180) be **GRANTED**.

6. *Motion in Limine No. 6*

The Court has reviewed the *Plaintiffs' Motion in Limine Regarding Lay Opinion Testimony about the Deletion of Plaintiffs' Information* (Document 182), the *Omnibus Response of the Dillon Defendants to Plaintiffs' Motions in Limine* (Document 189), and *Defendant Donald Ritchie's Joinder in David Chadwick Dillon and Dillon Industries, Inc.'s Response to Elgin Separation Solutions, LLC's Motions in Limine* (Document 190). The Plaintiffs request to preclude the Defendants or any other lay witness from introducing opinion testimony relating to whether the Defendants successfully and completely deleted and stopped using all of the Plaintiffs' information on their devices, email, network, and systems. The Plaintiffs argue that the Defendants are not qualified to testify on this issue.

The Defendants maintain that Ritchie and Dillon are capable of testifying as to whether they ceased use of Elgin information remaining on their computers. They further argue that the Plaintiffs' designated forensic expert's opinion does not demonstrate the Defendant's actual use or access of any of the Plaintiffs' documents, nor does it distinguish between proper or improper access. Given the parties' lengthy and ongoing efforts to remediate the Plaintiffs' information through an agreed remediation protocol, the Defendants contend that any context surrounding the

Defendants' actions regarding information on their computers will be lost if only the Plaintiffs' forensic expert is allowed to testify in this regard.

The Court finds that the Defendants should be permitted to testify regarding their access, deletion, and use or non-use of the Plaintiffs' information on their devices, email, network and other systems to the extent that such testimony falls within their personal knowledge and observations. The weight to give any competing testimony on this issue is for the jury's consideration. Thus, the Court **ORDERS** that the *Plaintiffs' Motion in Limine Regarding Lay Opinion Testimony about the Deletion of Plaintiffs' Information* (Document 182) be **DENIED**.

7.     *Motion in Limine No. 7*

The Court has reviewed the *Plaintiffs' Motion in Limine Regarding Lay Opinion Testimony about the Plaintiffs' Damages* (Document 183), the *Omnibus Response of the Dillon Defendants to Plaintiffs' Motions in Limine* (Document 189), and *Defendant Donald Ritchie's Joinder in David Chadwick Dillon and Dillon Industries, Inc.'s Response to Elgin Separation Solutions, LLC's Motions in Limine* (Document 190). The Plaintiffs contend the Defendants and any other lay witness should be precluded from testifying as to the Plaintiffs' damages or financial performance.

The Defendants oppose the motion. They argue that the wholesale exclusion of Dillon or Ritchie's testimony about damages would be unfair and prejudicial. They note that the supplemental report of the Plaintiffs' damages expert, Morgan Winfree, is the subject of the Dillon Defendants' only motion in limine. The Defendants maintain that Mr. Winfree did not analyze "historical and projected financial reports and information" from Elgin, as Elgin claims the Defendants would be required to do to rebut Mr. Winfree's testimony. They further assert that

Dillon is qualified to opine as to Elgin's financial performance and prospects because he managed the Poca facility for nearly a decade and is familiar with the centrifuge industry. Likewise, the Defendants argue that Dillon and Ritchie are qualified to provide testimony regarding the wages and benefits they received during their tenure at Elgin.

The Court finds that Dillon and Ritchie should be permitted to offer testimony as to the Plaintiffs' damages which fall within their personal knowledge or perception. Parties may be able to testify regarding their personal knowledge of damages without crossing over into expert opinion. Here, Dillon was employed in a supervisory role which afforded him insight into the financial performance of Elgin's Poca facility. In addition, Dillon and Ritchie certainly have personal knowledge of the compensation and benefits they received for the relevant period they were employed at Elgin. Therefore, the Court **ORDERS** that the *Plaintiffs' Motion in Limine Regarding Lay Opinion Testimony about the Plaintiffs' Damages* (Document 183) be **DENIED**.

In addition to the motions in limine, the Court has reviewed the *Plaintiffs' Motion for Good Cause to File Reply in Support of Plaintiffs' Motions in Limine* (Document 191) and the attached *Plaintiff's Reply in Support of Its Motions in Limine* (Document 191-1). The Plaintiffs requested leave to file a reply to respond to the Defendants' argument that the Plaintiffs failed to properly request a jury trial because they did not renew their initial jury demand in the First Amended Verified Complaint. The Defendants did not respond to the motion. To the extent that the substance of the Plaintiffs' reply is only tangentially related to their motions in limine, the Court finds that replies to the motions in limine are not warranted. Therefore, the Court **ORDERS** that the Plaintiff's *Motion* (Document 191) be **DENIED**.

**DEFENDANTS' MOTION**

The Court has reviewed the Dillon Defendants' *Motion in Limine to Preclude Speculative Expert Testimony Regarding the Cause of Plaintiffs' Alleged Damages and to Exclude Certain Opinions in the Supplemental Report of Plaintiffs' Economic Expert* (Document 184), as well as the *Plaintiffs' Response to Defendants' Motion in Limine to Exclude Expert Damages Testimony from Trial* (Document 188). The Defendants move to preclude testimony from the Plaintiffs' damages expert, Morgan Winfree, on the basis that Mr. Winfree's expert opinions are based on flawed assumptions and based on unreliable speculation. The Defendants further assert that certain opinions contained in Mr. Winfree's Supplemental Report should be excluded because they are not supplemental in nature and thus untimely.

Regarding the timeliness of Mr. Winfree's Supplemental Report, the Defendants argue that the report is based on information already in the Plaintiffs' possession at the time of Mr. Winfree's initial report, specifically Dillon and Ritchie's salaries and benefits paid from 2020 through 2022 and Elgin's mitigation efforts in the coal industry, which Mr. Winfree acknowledged were underway prior to Dillon's departure. The Plaintiffs maintain that Mr. Winfree's Supplemental Report is timely and properly supplemental in nature. They concede that the Defendants' compensation information and information related to Elgin's coal-related services were available at the time Mr. Winfree submitted his initial report. However, the Plaintiffs contend the Defendants' compensation information did not become relevant to the issue of damages until the Defendants' respective deposition testimony indicated that they had used some of Elgin's resources during working hours to perform tasks for Dillon Industries. Similarly, the Plaintiffs assert that information related to their coal services did not become relevant until they received

Dillon Industries' revenue information because it allowed Mr. Winfree to evaluate for the first time whether the Plaintiffs had the capacity to perform both their coal-line work and the centrifuge work that they lost, based on the amount of work sent to Dillon Industries by four customers that took their business from Elgin to Dillon Industries.

Regarding Mr. Winfree's expert testimony as to the cause of the Plaintiffs' damages, the Defendants argue that Mr. Winfree's testimony is unreliable and speculative for several reasons. First, they contend Mr. Winfree "indiscriminately assumes that every failure to meet Plaintiffs' projected gross profits with respect to four specific customers is Dillon's fault" and does not account for any alternative explanation. (Dillon Defs.' MIL at 4.) In addition, the Defendants assert that Mr. Winfree's selection of Dillon Industries' 2023 gross profits as his baseline for each year into the future is unreliable because Mr. Winfree "cites no support to suggest that selecting one year in isolation is a reliable foundation for making future profit projections." (*Id.* at 7.) Finally, the Defendants argue that Mr. Winfree's estimate of future lost profits is speculative because he provides no basis for projecting the Plaintiffs' future loss profits through the year 2027.

The Plaintiffs maintain that Mr. Winfree's expert opinion is well-founded and admissible to prove lost profit damages. They emphasize that Mr. Winfree's calculations are limited to profits relating to four specific customers of Elgin's Poca facility that undisputedly switched their business to Dillon Industries. In addition, Mr. Winfree's analysis is based on the parties' business records, which are more reliable than industry market surveys or other outside information from which an expert might extrapolate more speculative opinions. The Plaintiffs note that Mr. Winfree also discounted the value of any future lost profits by 16% to account for the generally speculative nature of lost profits, and that his "risk-adjusted rate" is based on generally accepted

9

practices for calculating such a rate. (Plfs.' Resp. at 10.) The Plaintiffs argue that Mr. Winfree is not required to consider every alternative explanation, and that the alternative theories advanced by the Defendants may be appropriately addressed on cross-examination. Further, the Plaintiffs note that 2023 is the only complete year of Dillon Industries' operations that is available to analyze, and thus Mr. Winfree's selection of that year does not amount to improper cherry-picking. Finally, the Plaintiffs argue that Mr. Winfree's projection of lost profits through 2027 is not intended to suggest that certain number of years' lost profits is necessarily warranted in this case, but rather it is meant to be a "useful presentation of several possible damages outputs" broken down by year so that the factfinder can determine which year should be the cut off for any awarded lost profits. (*Id.*)

The Court finds that Mr. Winfree's Supplemental Report is timely and appropriately supplemental because it is based on information that—while previously available to the Plaintiffs—was not relevant to his calculation of the Plaintiffs' purported damages until after the parties conducted depositions and after the Plaintiffs received relevant revenue information for Dillon Industries. In addition, the Court finds that the Defendants' arguments related to the reliability and speculative nature of Mr. Winfree's report are best left to cross-examination. The Court notes that Mr. Winfree's inclusion of sums paid to Dillon under the parties' APC Agreement as damages is odd and appears to inflate the Plaintiffs' damages related to Dillon's compensation, and that Mr. Winfree's projection of the Plaintiffs' lost profits through 2027 appears speculative. Nevertheless, the Court will permit Mr. Winfree to present his opinion and the Defendants may cross-examine him as to his underlying methodology and evidentiary basis for the same. The Court will carefully examine any alleged deficiencies in Mr. Winfree's Supplemental Report

following the presentation of evidence to further determine what, if any, damages should go to the jury. Accordingly, the Court **ORDERS** that the Dillon Defendants' *Motion in Limine to Preclude Speculative Expert Testimony Regarding the Cause of Plaintiffs' Alleged Damages and to Exclude Certain Opinions in the Supplemental Report of Plaintiffs' Economic Expert* (Document 184) be **DENIED** without prejudice to reconsideration.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

                ENTER:      July 29, 2024

                IRENE C. BERGER
                UNITED STATES DISTRICT JUDGE
                SOUTHERN DISTRICT OF WEST VIRGINIA