IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELGIN SEPARATION SOLUTIONS, LLC, et al.,

        Plaintiffs,

v.                                        CIVIL ACTION NO. 2:23-cv-00440

DAVID CHADWICK DILLON, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendants David Chadwick Dillon and Dillon Industries, Inc.'s *Motion to Amend or Clarify Order* (Document 236), the *Plaintiffs' Response to Defendants' Motion to Amend or Clarify Order* (Document 237), and the Defendants' *Reply in Support of Motion to Amend or Clarify Order* (Document 240), as well as all attached exhibits. For the reasons stated herein, the Court finds that the motion should be granted.

On July 30, 2024, in response to the Court's *Memorandum Opinion and Order* granting in part and denying in part the Defendants' respective motions for summary judgment, the Plaintiffs filed a notice of voluntary dismissal pursuant to Rule 41(a)(1) regarding their claim for copyright infringement (Count III of the Amended Verified Complaint). (Document 225.) By *Order* entered July 31, 2024, the Court noted that Rule 41(a)(1) precludes voluntary dismissal after a motion for summary judgment has been filed. (Document 227.) To rectify the issue, the Court construed the Plaintiff's notice as a motion for partial dismissal and granted the same, dismissing Count III without prejudice.

Also on July 31, 2024, the parties appeared for a joint pretrial conference and final settlement conference in this matter. Following the parties' representations and positions as to trial and settlement, the Court suspended the scheduling order, including the trial date, to allow the parties to direct their efforts toward completing remediation, although the Plaintiffs represented that they were prepared to go to trial as scheduled despite the incomplete remediation process.

On August 9, 2024, the Dillon Defendants filed the instant motion seeking to amend or clarify the Court's July 31, 2024 *Order*. Therein, they express their belief that "there is a danger that the dismissal of [Count III] *without prejudice* could jeopardize the Dillon Defendants' statutory right to seek attorney fees pursuant to the fee-shifting provision of the Copyright Act, which awards fees to the 'prevailing party.'" (Mot. Am. or Clarify at 1) (emphasis in motion) (citing 17 U.S.C. § 505.) Accordingly, they request that the Court amend or clarify its Order "to provide for a determination on whether Plaintiffs' copyright infringement claim should be dismissed with prejudice." (*Id.* at 2.)

The Plaintiffs oppose the motion. They contend it "appears to be a mislabeled motion to reconsider," and that it should be denied for failing to meet the requisite standard for granting such motions. (Pls.' Resp. at 3.) In the alternative, they argue that dismissal of their copyright claim with prejudice would be inappropriate because "pertinent discovery remains ongoing." (*Id.* at 4.) Although they "have no plan at this point to resurrect the copyright infringement claim," they argue that they "should be permitted to do so if the remediation protocol or other discovery reveal evidence that the Dillon Defendants infringed any of Plaintiffs' copyrighted materials." (*Id.*)

The Defendants maintain that their motion is appropriately styled. Nevertheless, they argue that they have satisfied the standard for a motion to reconsider because "manifest injustice

2

will result from a dismissal without prejudice" where such an outcome would "extinguish [their] right" to seek attorneys' fees pursuant to the Copyright Act's fee-shifting provision. (Defs.' Reply at ¶ 2.) They emphasize that "[d]iscovery in this case has been closed for months," and that "the time for Plaintiffs to make their case" for their copyright infringement claim has also passed. (*Id.* at ¶¶ 3–4.) Accordingly, the Defendants argue that it would be manifestly unjust for the Court to allow the Plaintiffs to simultaneously abandon their copyright infringement claim after summary judgment and avoid a statutory claim for attorney's fees. (*See id.* at ¶ 5.)

*Federal Rule of Civil Procedure* 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action … and may be revised at any time before the entry of a [final] judgment." The Court notes, as an initial matter, that dismissals are rarely contested, and as a result the Court routinely grants the voluntary dismissal of claims as a matter of course. However, when the Court construed the Plaintiffs' notice of dismissal of Count III as a motion for partial dismissal and granted the same without prejudice, it did not provide the Defendants with an opportunity to respond to the motion and brief any argument in opposition thereto. Thus, the Court decided the matter without the benefit of briefing regarding whether dismissal should be with or without prejudice. Having reviewed the Defendants' argument regarding the procedural implications of dismissing the Plaintiffs' copyright infringement claim without prejudice, the Court finds it appropriate to revise its July 31, 2024 *Order*. Considering the parties' arguments anew, the Court finds that Count III of the First Amended Verified Complaint should be dismissed with prejudice.

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "As a general rule, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant." *Gross v. Spies*, 133 F.3d 914, *5 (4th Cir. 1998) (unpublished table decision) (citing, in part, *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir.1986)).

> Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, *i.e.,* whether a motion for summary judgment is pending.

*Id.* (internal citations omitted). "These factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case." *Id.* (citing *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir.1997)). The non-exhaustive nature of this list of factors "is consistent with the spirit of Rule 41(a)(2), which 'empower[s] district courts to exercise discretion over voluntary dismissals' to protect nonmovants from unjust results." *United States v. $107,702.66 in United States Currency Seized from Lumbee Guar. Bank Acct. No. 82002495*, No. 7:14-CV-00295-F, 2016 WL 413093, at *3 (E.D.N.C. Feb. 2, 2016) (quoting *GO Comput., Inc. v. Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007)).

The Plaintiffs' claim for copyright infringement concerns only their copyrighted 24x60 Manual. At summary judgment, the Plaintiffs argued that judgment was premature as to Count III because their forensic expert was still "analyzing the Defendants' use—which appear[ed] to include accessing the 24x60 Manual." (Mem. Op. & Order of July 25, 2024, at 18) (internal citation omitted) (Document 219.) In support, counsel for the Plaintiffs attested that the Plaintiffs

4

needed more time to analyze this information, which was obtained through the remediation protocol on May 24, 2024. (*See id.*)  To the extent that the Plaintiffs' failure to demonstrate actual use of the copyrighted Manual by the Defendants was due to the ongoing forensic examination, the Court found judgment premature and directed the Plaintiffs to notify the Court regarding their intention to pursue Count III at trial.  After reviewing "additional discovery and documents obtained through the remediation protocol," including a copy of the Dillon Defendants' version of the Plaintiffs' copyrighted 24x60 Manual, the Plaintiffs voluntarily dismissed Count III. (*See* Pls.' Resp. at 2.)

At this juncture, the Defendants have expended significant effort and expense in preparing for trial and otherwise defending against the Plaintiffs' claims, including the copyright infringement claim.  Despite their initial decision not to pursue the claim at trial, the Plaintiffs now seek further time to determine whether they would like to revive it.  Indeed, according to the Plaintiffs, the remediation protocol was devised as a way for their forensic expert to "gradually and over a period of time, remotely access and remediate any and all of Plaintiffs' information from Defendants' devices in accordance with a series of protocol and protective guidelines agreed upon by the parties."  (*Id.*)  However, while the Plaintiffs differentiate between the remediation protocol and "traditional discovery" (*id.*), it is apparent that they consider the remediation protocol as a tool for discovering rather than resolving their claims.

Most significantly, however, is the prejudice the Defendants will face if Count III is dismissed without prejudice.  "'Legal prejudice' has not been defined precisely, but courts generally consider the *Gross* factors, discussed above, as well as any other relevant factors." *United States v. $107,702.66 in United States Currency*, 2016 WL 413093, at *3 (internal citations

omitted).  Under the Copyright Act, the Court "may … award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  To the extent that dismissal without prejudice would legally prejudice the Defendants in invoking their statutory right to seek relief afforded by Congress, the Court finds that Count III should be dismissed with prejudice.  *See United States v. $107,702.66 in United States Currency*, No. 7:14-CV-00295-F, 2016 WL 413093 (E.D.N.C. Feb. 2, 2016).

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendants' *Motion to Amend or Clarify Order* (Document 236) be **GRANTED**.

The Court further **ORDERS** that the Order of July 31, 2024 (Document 227) be **AMENDED**, and that Count III of the First Amended Verified Complaint be **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 11, 2024

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA